Cushey, Appellant, v. Plunkard.

Argued October 2, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Saul J. Bernstein*, with him *Bernstein & Campbell*, for appellants.

*Lee C. McCandless*, with him *McCandless and Mc-Candless*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 7, 1964:

Appellants commenced an action of trespass to recover for damages arising out of a collision between an automobile operated by appellant Larry Cushey, and a truck operated by appellee Plunkard. At the conclusion of appellants' case on liability, the trial court entered a judgment of compulsory nonsuit in favor of appellees. Appellants' motion to take off the nonsuit was denied, thereby giving rise to this appeal.

The nonsuit was entered below, on the dual grounds that: (1) appellants had failed to make out a case of negligence on the part of appellees sufficient to take the question to the jury; and (2) appellants' own case indicated contributory negligence as a matter of law.

A nonsuit should be entered only in a clear case, and, on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff. *Schwartz v. Urban Redevelopment Authority*, 411 Pa. 530, 192 A. 2d 371 (1963); *Miller v. McMinn's Industries*, 410 Pa. 234, 188 A. 2d 738 (1963). Further, contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. *Weidemoyer v. Swartz*, 407 Pa. 282, 180 A. 2d 19 (1962); *McKniff v. Wilson*, 404 Pa. 647, 172 A. 2d 801 (1961).

With these well known and often stated standards in view, we have carefully examined the record in this matter and find that the facts may be fairly summarized as follows: Route 422 west of Butler was, on the date of the accident herein involved, under construction and closed to traffic. The highway had four lanes, two each for east and westbound travel, separated by a medial strip. Appellees' truck was being employed in the construction work and was proceeding in an

easterly direction, but in the westbound lanes. One Landay, who had somehow gotten onto the highway only to discover that it was closed to traffic, was driving his car behind the truck; Landay was the only eyewitness to the accident. Larry Cushey was driving his father's car in a southerly direction on Route 10,034, which route runs north and south and intersects route 422.

On the day of the accident, Larry had traversed the intersection twice earlier and was aware that route 422 was under construction. As he approached the intersection, he was faced with a sign, four feet square, bearing the word "Caution", printed in letters four to five inches high with diagonal stripes of black and white, on top of which was a flashing red blinker light. At the point where the roads intersected, there existed a bank of earth to Larry's right which obscured his view to the west.

Neither of the drivers had any recollection of the accident, and we must rely upon the testimony of Landay, called as appellants' witness, to establish what occurred. He testified that Larry Cushey "shot out" of the side road at a speed which he was unable to estimate. Aside from this testimony Landay recalled nothing of the circumstances of the accident except that he saw a car and a truck collide. He did not know the speed of the truck; whether the truck driver slowed down; whether the truck driver applied his brakes or any other details which might be helpful in establishing appellees' negligence.

It is, of course, the burden of the plaintiff to prove that the defendant was negligent and that his negligence was the proximate cause of the accident. *Idlette v. Tracey,* 407 Pa. 278, 180 A. 2d 37 (1962); *Crane v. Neal,* 389 Pa. 329, 132 A. 2d 675 (1957). We are constrained to agree with the court below, that on the evidence in this record, appellants have not met this bur-

den. They have proved only the happening of an accident, and there is no way that a jury could find that appellees' negligence was its proximate cause, except by pure conjecture.

Judgment affirmed.