Antonson, Appellant, *v.* Johnson.

Argued January 13, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard L. Raymond,* with him *Schroeder & Raymond,* for appellant.

*Ralph B. D'Iorio,* with him *Cramp and D'Iorio,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 22, 1966:

Appellant, Signa Antonson, as administratrix of the estate of her deceased husband, George T. Anton-

son, filed wrongful death and survival actions in the Court of Common Pleas of Delaware County. The action was tried before a judge and jury and, at the conclusion of the presentation of appellant's evidence, the trial court granted appellees' motion for compulsory nonsuit. A motion to take off the nonsuit was filed and denied by the court en banc; this appeal followed.

Briefly stated, the facts, as developed from the testimony, are that at or near the intersection of Sixth and Madison Streets in the City of Chester, on February 16, 1964, at about 9:00 P.M., the decedent was crossing Sixth Street. Sixth Street runs east and west, and is intersected by Madison Street, which runs north and south. Both streets are wide enough to accommodate traffic in both directions and parking on each side. Appellee's cab had been proceeding north on Madison Street and, as he made a "short" left turn into Sixth Street, he struck the decedent. The impact occurred approximately one car length west of the intersection. The cab was damaged in the center of the hood. Immediately after the accident, decedent was found unconscious with part of his head on the center line of the street and the remaining part of his body in the intersection, in the right lane of traffic. Appellee's cab was within the center line of the street, and the body about 2½ feet in front of the cab. The cause of death was cerebral hemorrhage following a fractured skull. The road surface was dry and there was a street light at the intersection.

As we have often said, and recently reiterated in *Cushey v. Plunkard,* 413 Pa. 116, 196 A. 2d 295 (1964): "A nonsuit should be entered only in a clear case, and, on appeal from the refusal to take off a compulsory nonsuit, the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of plaintiff. [Citing cases]."

In a careful review of the evidence, viewing it in the light most favorable to appellant, we have not found sufficient evidence to create a jury question as to appellee's negligence. As we said in *Fegely v. Costello,* 417 Pa. 448, 208 A. 2d 243 (1965) : "It is well established that the mere happening of an accident, even when a moving vehicle strikes a pedestrian lying on the road, does not establish negligence by either presumption or inference. Flagiello v. Crilly, 409 Pa. 389, 187 A. 2d 289 (1963). Furthermore, there is no inference of negligence even though the decedent is presumed to have exercised due care, which presumption would absolve the decedent, at this stage in the proceedings, from contributory negligence."

In order to recover, the burden is on the plaintiff to prove that the defendant was negligent, and that the negligence was the proximate cause of the accident. *Cushey v. Plunkard,* supra, and cases cited therein. We said in *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77 (1954) : "In Lanni v. P.R.R. Co., 371 Pa. 106, 88 A. 2d 887, the Court said (p. 110) : 'Negligence is the absence or want of care which a reasonable man would exercise under the circumstances. Maternia v. P.R.R., 358 Pa. 149, 56 A. 2d 233. We said in Miller v. Hickey, 368 Pa. 317, 325, 81 A. 2d 910: ". . . negligence need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to reasonably and legitimately impute negligence: [citing cases]" '." A statement contained in *Robbins v. Kaufman,* 415 Pa. 192, 202 A. 2d 826 (1964) is appropriate here: "The evidence of negligence was entirely circumstantial and, although we have often held that it is not necessary that every fact or circumstance point unerringly to liability, it being enough that the jury have sufficient facts to say reasonably that the preponderance favors liability [citing cases], the record in the instant case fully supports the con-

clusion reached below, that a finding of negligence on the part of decedent could be based only on guess or conjecture."

We agree with the court below that: "The record in the case at bar shows no proof of excess speed, actual awareness of decedent's presence in the highway or proof of inattentiveness on the part of the driver. The taxicab was making a left turn at this intersection; the sweep of the headlights would not have picked up the decedent until the taxi straightened out on Sixth Street; the testimony indicates that the impact took place as the taxi completed its turn. We can come to no other logical conclusion but that the driver could not have been expected to see the decedent in his headlights, as decedent came across the street from the driver's left."

As the testimony offered does no more than show that an accident happened, and as appellant has failed to show any negligence on the part of appellee, we are of the opinion that the nonsuit was properly entered.

Judgment affirmed.

Mr. Justice ROBERTS dissents.