## Mapp, Appellant, *v.* Wombucker.

Argued April 22, 1966.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

G. *Clinton Fogwell, Jr.,* with him *Melva L. Mueller,* and *Reilly & Fogwell,* for appellants.

W. *Edward Greenwood,* with him *Gawthrop & Greenwood,* for appellee.

John *O. Platt, Jr.,* with him *MacElree, Platt, Marrone & Harvey,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, May 24, 1966:

Appellants commenced an action of trespass, seeking to recover damages sustained by them in a motor vehicle accident allegedly caused by the negligence of some or all of the appellees. One of the appellees, Palmer Transfer, Inc., counterclaimed for property damages to its vehicle. A jury trial resulted in verdicts for the defendants and for the plaintiff driver, Woodley, on defendant, Palmer Transfer, Inc.'s counterclaim. Appellants moved for a new trial, which motion was overruled by the court below and judgments were entered on the verdict of the jury.

The circumstances of the accident were testified to by all of the parties involved and their respective witnesses, and the jury obviously reached the conclusion that no negligence on the part of any party had been proved. No principle is better established than that in order to recover, the burden is on the plaintiff to prove that the defendant was negligent and that the negligence was the proximate cause of the accident. *Antonson v. Johnson,* 420 Pa. 558, 218 A. 2d 123

(1966); *Cushey v. Plunkard,* 413 Pa. 116, 196 A. 2d 295 (1964). Further, a mere happening of an accident does not establish negligence by either presumption or inference. *Antonson,* supra; *Fegely v. Costello,* 417 Pa. 448, 208 A. 2d 243 (1965).

Without a rehearsal of the evidence, an examination of the record indicates that the evidence as to the occurrence of the accident was conflicting. Appellants, in seeking a reversal, argue that the verdicts were against the weight of the evidence. We do not agree. The questions of negligence and proximate cause were properly submitted to the jury, whose function it is to reconcile the conflicting testimony, if possible, or to determine questions of credibility where such reconciliation cannot be accomplished. In the instant case, the record discloses evidence from which the jury was clearly justified in finding that none of the parties involved was negligent. Our function is not to determine whether we would reach an opposite conclusion from this evidence or whether some other jury might reach a different conclusion. In the absence of incontrovertible physical facts or other evidentiary circumstances of such weight as to convince us that an injustice has been done, we will not set aside the jury's verdict.

The grant or refusal of a new trial will not be reversed on appeal absent a clear abuse of discretion or an error of law which controlled the outcome of the case. *Murphy v. Philadelphia,* 420 Pa. 490, 218 A. 2d 323 (1966); *Connolly v. Phila. Trans. Co.,* 420 Pa. 280, 216 A. 2d 60 (1966). The case at bar discloses no such abuse of discretion or error of law, but rather discloses, merely, conflicting testimony and the resolution of the conflict by the jury within the framework of the evidence.

Judgments affirmed.