331 A.2d 165
**Robert E. EDER, Appellant,**

v.

**Robert LANSBERRY, Appellee.**

Supreme Court of Pennsylvania.
Argued Oct. 9, 1974.
Decided Jan. 27, 1975.

Charles S. Morrow, Spotts, Gill & Morrow, Pittsburgh, for appellant.

Bliss R. Mentzer, J. E. Coyne, Pittsburgh, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

EAGEN, Justice.

In this action seeking compensation for personal injuries incurred in a motor vehicle accident, the trial court granted the defendant's motion for a compulsory non-suit at the conclusion of the plaintiff's evidence as to liability. Thereafter, a court en banc denied the plaintiff's motion to remove the non-suit and the Superior Court affirmed this order. We granted allocatur and now reverse.

It is fundamental that in evaluating the correctness of the entry of a compulsory non-suit, the plaintiff is entitled to have the testimony read in the light most favorable to his case, and is also entitled to all reasonable inferences arising therefrom. *Idlette v. Tracey*, 407 Pa. 278, 180 A.2d 37 (1962). So read, the instant record discloses the following.

On August 29, 1968, about 11 a.m., the plaintiff was operating a Honda motorcycle on a two-lane improved rural highway, when it was struck from the rear by a motor vehicle operated by the defendant. At the moment of impact, the motorcycle was in the process of making a left turn into an intersecting road, and the defendant's motor vehicle was attempting to overtake and pass the motorcycle. The collision occurred when the motorcycle was in the lane nearer the intersecting road.

The weather was clear and the roadway was dry. At least 300 feet from the intersection, the plaintiff activated the motorcycle's turn signal to indicate his intention to make a left turn, and at a point 50 to 60 feet before proceeding to make the turn, the plaintiff looked over his shoulder to see if any traffic was approaching from the rear. He could see for a distance of 100 feet, and there was no approaching traffic within his vision.

The trial court ruled: (1) the plaintiff's evidence established he was guilty of contributory negligence as a

matter of law; and (2) the plaintiff's evidence failed to establish negligence on the part of the defendant. We disagree and rule both questions were for the jury to resolve.

■ The trial court concluded the plaintiff was guilty of contributory negligence as a matter of law, because he last looked for traffic approaching from the rear when his motorcycle was 50 feet distant from the intersection. The rule in this Commonwealth is that " 'contributory negligence should not be declared as a matter of law save where such negligence is so clearly revealed that fair and reasonable individuals cannot disagree as to its existence [citation omitted].' " *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 41, 233 A.2d 896, 902 (1967); *Parker v. Jones*, 423 Pa. 15, 223 A.2d 229 (1966).

The trial court premised its conclusion that the plaintiff was contributorily negligent as a matter of law on *Leasure v. Heller*, 436 Pa. 108, 258 A.2d 955 (1969). In *Leasure*, this Court held that a driver who admittedly last looked for oncoming traffic 50 feet prior to turning left across another lane of traffic was guilty of negligence. That decision is inapposite to the instant circumstances inasmuch as we dealt there only with the negligence of a party making a left hand turn in front of a vehicle coming from the opposite direction.

■ A driver of a vehicle on a public highway before moving from a direct line or moving from one traffic lane to another "shall first see that such movement can be made with safety." Act of April 29, 1959, P.L. 58, § 1012, 75 P.S. § 1012. Whether the plaintiff having looked to his rear 50 feet before turning, and having seen nothing, complied with this statutory mandate and acted reasonably in not looking to his rear again before

actually turning is a question about which reasonable men may differ and should properly have been submitted to the jury.

The trial court likewise erred in holding that the plaintiff failed to establish a prima facie case of negligence on the part of the defendant. This issue under the proof was also for the jury.

The orders of the Superior Court and the court of original jurisdiction are reversed, and the record is remanded to the last mentioned court with directions to proceed with a new trial.

JONES, C. J., did not participate in the consideration or decision of this case.