## Ammerman, Appellant, *v*. Lush, et al.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Kocsis,* and *Dowd & Kocsis,* for appellant.

*John D. Lewis, Robert F. Cox,* and *Cox, Wilcox, Owlett & Lewis,* for appellees.

OPINION BY PRICE, J., September 22, 1975:

This appeal questions the propriety of the entry of a summary judgment in favor of appellees, Frank D. Lush and Lush Brothers, Inc. The case was instituted by appellant, Calvin L. Ammerman, following a collision between his car and that of appellees. As a result of the accident, appellant suffered severe injuries to his throat, larynx, trachea and esophagus as well as to his head and legs. The injuries have prevented appellant from performing any heavy work, and have created damages in excess of $10,000.

Following the close of the pleadings, appellees moved for summary judgment, alleging that there was no genuine issue of material fact, that appellees were entitled to judgment as a matter of law, and that appellant's complaint and deposition contained statements which

proved him contributorily negligent. The lower court granted the motion. Appellant now takes the position that his complaint is contradicted by evidence, adduced during the deposition, concerning the lane in which the accident occurred. We agree. Where the collision took place is a disputed, material fact in the instant case. Under normal circumstances, a driver may not drive to the left side of the center lane. See The Vehicle Code, Act of April 29, 1959, P.L. 58, §1004, *as amended* Act of Dec. 12, 1973, P.L. 393, No. 139, §1 (75 P.S. §1004) *et seq.* Therefore, proof of the location of the accident will be an important element for the jury to consider in assessing the negligence of the parties.

It is settled law in the Commonwealth that one who moves for a summary judgment has the burden of showing that there is no genuine issue as to any material fact. *Schacter v. Albert*, 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968). The court should accept as true all well pleaded facts and any admissions on file, but should resolve any doubts as to the existence of a genuine issue of a material fact against the moving party. *Schacter v. Albert, supra.* On appeal from a summary judgment, this court must examine the record in a light most favorable to the appellant. *Speyer, Inc. v. Goodyear Tire & Rubber Company*, 222 Pa. Superior Ct. 261, 295 A.2d 143 (1972).

The following facts are relevant to the instant case: On May 19, 1972, at approximately 8:30 a.m., appellant was driving his car in a westerly direction on Pennsylvania Route 362. At the same time and on the same road, appellee Lush was operating a station wagon owned by Lush Brothers, Inc., in an easterly direction. As he approached an intersection, appellant observed a pickup truck backing out into the westbound lane in which appellant was traveling. So as to avoid a collision, appellant came to a complete stop, then proceeded around the truck at about 5 miles per hour. It is undisputed that the collision occurred while appellant was going around the

234

truck. The material fact at issue is in which lane, eastbound or westbound, the collision occurred.

Appellant's complaint contains the following averments:

"10. At the time and place aforesaid, the unidentified vehicle proceeded to back into the westbound lane of traffic of Pennsylvania Route 362 forcing the plaintiff to enter into the eastbound lane of traffic.

11. At the time and place aforesaid, the vehicle operated by the plaintiff came into violent collision with the vehicle operated by the defendant, Frank D. Lush."

If the complaint were the only evidence of where the accident occurred, we would be constrained to agree that appellant negligently crossed the center line and himself precipitated a collision in the eastbound lane of traffic. However, there is testimony by the appellant, taken at a deposition, which contradicts the averments of the complaint. Mr. Ammerman testified as follows:

"Q. In your complaint you have alleged that this truck was on the shoulder of the westbound lane and proceeded to back into the westbound lane of traffic forcing you to enter into the eastbound lane of traffic. Is that correct?

A. It had back-up lights on coming toward me. I think he was trying to get out of the way of Mr. Lush.

Q. You have also alleged that this truck backed on to the westbound lane and into your lane of traffic.

A. It was in my lane of traffic.

Q. It was in your lane of traffic and this forced you to enter on the eastbound lane?

A. No, I stopped and this man was in the truck and looked out and seen me and I pulled out around him and Mr. Lush came up and pulled around to not hit the truck and hit me.

Q. Where did you see Mr. Lush?

A. Right at the point of impact. Right in front of the truck on the same side of the road and he hit me.

Q. On your side of the road?

A. Yes.

Q. When you alleged in your complaint which you have sworn to that you entered into the eastbound lane of traffic you are now saying it was not true?

A. I did say that.

Q. If this is the complaint you had prepared by your attorney ... you are now saying you did not enter into the eastbound lane of traffic?

A. No sir, I may have been over the line a little in passing that truck, I could have had two wheels six inches over the line but I was not completely in no left or eastbound lane of traffic." (Deposition at 10a-11a)

Mr. Ammerman later testified as follows:

"Q. You did sign a statement to the effect that because that vehicle backed into your lane of traffic you had to go over into the other lane?

A. Yes, that vehicle was in my right-of-way.

Q. Was there so much of the truck in your lane that you had to go over into the other lane of traffic?

A. I wasn't over in the other lane.

Q. Were you over in the other lane of traffic at all?

A. I wasn't out in the other lane of traffic.

Q. When I asked you how much of the other vehicle was on the highway you said at least one-fourth.

A. That is what I said.

Q. I am trying to decide ... In your Complaint you said an unidentified vehicle forced you to enter the eastbound lane of traffic and now you are saying maybe it didn't?

A. It was coming at me backwards and I stopped and I pulled out around him.

Q. How much of that truck was on or out on the paved portion of the highway or was he over the line?

A. I don't know." (Deposition at 15a-16a)

And in conclusion, appellant stated:

"Q. You agree that at the time of the impact you could have been over the centerline of the highway?

A. I wasn't over it far.

Q. You did go out around that truck?

A. Yes, I did go around that truck." (Deposition at 20a)

Only once did appellant suggest that he may have been over the centerline at the point of impact:

"Q. You do agree you may have been over the centerline at the time of impact?

A. I may have been because I was passing the truck in the middle of the road sitting." (Deposition at 12a)

We cannot find, in view of this testimony, that there is no dispute of a material fact or that appellant's case conclusively proves contributory negligence. Where the accident occurred is the most crucial fact to be proved in the instant case. If it happened in the westbound lane appellant may prevail. If it occurred in the eastbound lane, appellant may be found contributorily negligent and thus without a legal remedy. A determination of the facts is a function for the jury, not for the motions judge: "In passing upon a motion for summary judgment 'it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.' (In the instant case, appellee.) *Admiral Corporation v. Cerullo Electric Supply Co.*, 32 F.R.D. 379, 380 (M.D. Pa. 1961)." *Schacter v. Albert*, 212 Pa. Superior Ct. 58, 62, 239 A.2d 841, 843 (1968). See also *Kopar v. Mamone*, 419 Pa. 601, 215 A.2d 641 (1966).

Consequently, we reverse the entry of the summary judgment and remand the case for trial.

***

CONCURRING OPINION BY CERCONE, J.:

I agree with the majority that defendant's motion for summary judgment was improperly granted in the instant case. I disagree, however, with the suggestion that the lower court would have been correct had it been conclusively established that the accident occurred in the eastbound lane of Route 362.

It is certainly true that the use of the left lane of a two lane highway must be undertaken with the greatest care. As our Supreme Court stated in *Polando v. Blue Ridge Trans. Co.*, 374 Pa. 485, 489 (1953) : "In America, travelling on the left side of the road is fundamentally improper. *The State permits the occasional use of that lane because of the exigencies of travel* but authorizes it only with the understanding that one will enter that hazardous territory with his eyes on the road, his mind on the job, and his hands and feet prompt to execute a safe maneuver over a course already formulated. Anything less than such conduct is blameworthy." [Emphasis added.]

Thus, proof that a motorist was driving on the left side of the highway is only *prima facie* evidence of negligence, and if the proper, albeit high, degree of care is used under the particular, existing circumstances, the driver's conduct will not be deemed to be negligent. See 2 Blashfield, Automobile Law & Practice §101.64 (1965). However, unless some justification for proceeding in the wrong lane of traffic is demonstrated, the court may find the driver's conduct to be *negligence per se.* 75 P.S. §1004 (1971).

Turning to the facts of the instant case, the plaintiff-appellant's deposition indicated that a truck had backed onto Route 362, perhaps negligently, and partially blocked

the right lane of travel. After coming to a complete stop, appellant proceeded to pass the truck at a speed of five miles an hour. Appellant also indicated that he had attempted to limit his transgression onto the left lane to the extent possible and, that at the time of impact he was no more than six inches over the center line. He further stated that he did not see the defendant because the defendant had been driving on the wrong side, that is to say appellant's side, of the road, obscured by the truck which had backed onto the highway. On this evidence the court found appellant contributorily negligent as a matter of law despite the fact that "contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence." *Dougherty v. Philadelphia Nat'l Bank,* 408 Pa. 342, 344 (1962). See also *Kresovich v. Fitzsimmons,* 439 Pa. 10 (1970); *Niemiec v. Allegheny County Port Authority,* 223 Pa. Superior Ct. 435 (1973).

What the majority has done is foreclose appellant's proving at trial that his conduct in passing the truck was not negligent, although the majority would permit him to show that the accident occurred in the right lane so that his "negligence" was not the proximate cause of the collision. I find this limitation of proof to be inappropriate. I simply do not agree that "fair and sensible" men could not find that this situation presented one of the "exigencies of travel" which permits a slight encroachment on the left lane of travel. Nor do I agree that fair and sensible men could not find that appellant exercised the appropriate degree of care in passing the truck. Therefore, I would also permit appellant to maintain at trial that he passed the truck with the prudence of an ordinary and reasonable man under like circumstances.

HOFFMAN, J., joins in this concurring opinion.

DISSENTING OPINION BY SPAETH, J.:

The majority, and Judge CERCONE in his concurring opinion, say that summary judgment should not have been entered because there is an issue of fact. In my view, there is not. The provision in Rule 1035(b) that summary judgment should be entered only if "there is no genuine issue of fact" refers to an issue raised because one party says one thing, and the other party another. *See, e.g., Ryan v. Furey,* 437 Pa. 96, 262 A.2d 305 (1970) (plaintiff claimed that Milmoe was driver of the car at the time of the accident and therefore plaintiff had a right to insurance proceeds; defendant claimed that McGinn was operator of the car and plaintiff therefore had no right to proceeds) ; *Toth v. Philadelphia,* 213 Pa. Superior Ct. 282, 247 A.2d 629 (1968), (plaintiff in trespass action claimed defect in sidewalk existed when defendant was in possession of premises; defendant denied liability as landlord out of possession); *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968) (defendant claimed that a third party lease excused nonperformance of a sales agreement; plaintiff claimed that the lease provided no such excuse). If, for example, appellant had said that the accident happened in the westbound lane, and appellee that it happened in the east, there would be an issue of fact precluding summary judgment. However, the only conflict here is in what appellant has said. Appellees have filed no conflicting answer or affidavit, nor were their depositions taken. Rather, in their motion for summary judgment appellees have simply cited what appellant has said, arguing that because of this they are entitled to judgment.

The conflict in what appellant has said is between his complaint and his deposition. In his complaint appellant says: that he "was operating [his vehicle] in a westerly direction on Pennsylvania Route 362" (para. 7); that "an unidentified vehicle . . . on the shoulder of the westbound lane of . . . Route 362 . . . proceeded to back

240

into the westbound lane ... forcing [appellant] to enter into the eastbound lane" (paras. 9 and 10); and that "[a]t the time and place aforesaid, [appellant's vehicle] came into violent collision with the vehicle operated by [appellee Frank D. Lush]" (para. 11). In his deposition appellant repudiated these averments, albeit grudgingly:[1]

"Q. When you alleged in your complaint which you have sworn to that you entered into the eastbound lane of traffic you are now saying it was not true?

A. I did say that.

Q. If this is the complaint you had prepared by your attorney ... you are now saying you did not enter into the eastbound lane of traffic?

A. No sir, I may have been over the line a little in passing that truck, I could have had two wheels six inches over the line but I was not completely in no left or eastbound lane of traffic.[2]

\* \* \*

Q. You do agree you may have been over the centerline at the time of impact?

A. I may have been because I was passing the truck in the middle of the road sitting.[3]

\* \* \*

Q. But when you saw that truck ...

A. When I broke over the hill this truck was not here, I came this way and [appellee Frank D. Lush] came this way, his truck was out here and I pulled out. I could have been over the white line, I won't swear to that, but I could have been.[4]

---

1. The majority opinion states that "[o]nly once did appellant suggest that he may have been over the centerline at the point of impact." As will appear from the quotations from the transcript that follow, this statement is contrary to the record; there were five times (and this is reading appellant's testimony charitably).

2. This is appellant's first admission that he may have been over the centerline.

3. This is the second admission.

4. The third admission.

Q. Could you give us an estimate how far that truck was out on the paved portion of the highway?

A. About one-fourth of the truck was on it.

\* \* \*

Q. You did sign a statement to that effect that because that vehicle backed into your lane of traffic you had to go over into the other lane?

A. Yes, that vehicle was in my right-of-way.[5]

Q. Was there so much of the truck in your lane that you had to go over into the other lane of traffic?

A. I wasn't over in the other lane.

Q. Were you over in the other lane of traffic at all?

A. I wasn't out in the other lane of traffic.

Q. When I asked you how much of the other vehicle was on the highway you said at least one-fourth.

A. That is what I said.

Q. I am trying to decide ... In your Complaint you said an unidentified vehicle forced you to enter the eastbound lane of traffic and now you are saying maybe it didn't?

A. It was coming at me backwards and I stopped and I pulled out around him.

Q. How much of that truck was on or out in the paved portion of the highway or was he over the line?

A. I don't know.

\* \* \*

Q. You agree that at the time of the impact you could have been over the centerline of the highway?

A. I wasn't over it far.[6]

Q. You did go out around that truck?

A. Yes, I did go around that truck."

There are other points that should be noted regarding appellant's deposition. He said that appellee Frank D.

---

5. The fourth admission.

6. The fifth admission.

Lush's vehicle "was in my lane of traffic." However, not only did this contradict the averments in his complaint quoted above, but in his complaint he specified four acts of negligence by Lush, none of which was that Lush was on the wrong side of the road. Also in this regard, appellant acknowledged in his deposition that he did not see Lush's vehicle until "[r]ight at that point of impact" and that therefore he could not estimate its speed. Finally, and perhaps most significant, appellant acknowledged in his deposition that he went around the truck blind:

"Q. What can you remember?

A. I was going west and I got out near the junk yard on the right and right at the bottom of the hill there is a straight stretch of road and I saw this truck. I stopped behind the truck and they were woodchuck hunting and one man was in the truck, and when I stopped I couldn't see nothing and then I pulled out around the truck to make my pass and Mr. Lush came right smack in front of me and hit me. That is what I remember."

In any accident case the plaintiff has several obligations. First, he must prove how the accident happened; the jury will not be permitted to speculate. *Klimczak v. 7-Up Bottling Co. of Philadelphia, Inc.*, 385 Pa. 287, 292, 122 A.2d 707, 709 (1956); *Ebersole v. Beistline*, 368 Pa. 12, 16-17, 82 A.2d 11, 12-13 (1951); *Sadowski v. Eazor Express, Inc.*, 213 Pa. Superior Ct. 471, 475, 249 A.2d 842, 844 (1968); Morris, Torts §7 (1953). Second, his proof must disclose that the defendant was negligent. *Cwiakala v. Paal*, 427 Pa. 322, 324-25, 235 A.2d 145, 146-47 (1967); *Mapp v. Wombucker*, 421 Pa. 383, 384, 219 A.2d 681, 682 (1966); Restatement (Second) of Torts, §328A. And finally, his proof must not disclose that he was contributorily negligent. *Mroz v. Dravo Corporation*, 429 F.2d 1156 (3d Cir. 1970); *Good v. City of Pittsburgh*, 382 Pa. 255, 260, 114 A.2d 101, 103 (1955); *Matteo v. Sharon Hill Lanes, Inc.*, 216 Pa. Superior Ct.

188, 191, 263 A.2d 910, 912 (1970). Here appellant has met none of these obligations. In addition, he has sworn falsely, either in his complaint or in his deposition.

I therefore find no genuine issue of fact, and conclude that the order of the court below entering summary judgment should be affirmed.