## Ryman v. State Farm Mutual Automobile Insurance Co.

*Robert E. Bull,* for plaintiffs.

*David W. Saba,* and *Chester F. Dudick, Jr.,* for defendant.

BROMINSKI, *J.,* April 15, 1982 — This matter comes before the court upon the motion of State Farm Mutual Automobile Insurance Company, defendant, for summary judgment.

On May 29, 1981, Judith Ryman, individually, and her husband, Warren Ryman, and Judith Ryman, administratrix of the estate of Richard A. Ryman, deceased, plaintiffs, filed a two-count complaint in assumpsit against defendant. In their complaint, plaintiffs allege, inter alia, that defendant issued to their son, Richard A. Ryman, a no-fault motor vehicle insurance policy which includes coverage for work loss and surviviors' loss; that on August 16, 1980, while the policy was in full force and effect, the said Richard S. Ryman was operating a motor vehicle which was involved in an accident resulting in his death on said date; that decedent resided with plaintiffs; that because of decedent's death, the female plaintiff has suffered a loss of income and both plaintiffs have suffered, and will continue in the future to suffer, a work loss; and that in breach of the aforesaid contract of insurance, defendant has failed to pay to plaintiffs the sum of $5,000 for survivors' loss and has failed to pay to decedent's estate the sum of $15,000 for work loss. Plaintiffs demand judgment in the foregoing amounts together with reasonable attor-

ney's fees in the event it is determined that such benefits were denied without foundation, costs and compensation for delay in payment.

Defendant, in its answer, admits it issued the said policy and that the policy was in effect on the day decedent died as a result of an accident. However, it denies any obligation to pay either the survivor's loss or the work loss benefits because none of plaintiffs is a "survivor" within the meaning of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 Pa.C.S.A. §1009.101, et seq.

In its answer, defendant sets forth new matter in which it alleges, inter alia, that plaintiffs are not entitled to said benefits because they have failed to submit reasonable proof of "dependency" required by the act.

Plaintiffs filed a reply denying all of defendant's allegations, in most instances properly averring that such allegations constituted conclusions of law which require no response.

In its motion for summary judgment, defendant contends that answers to interrogatories, response to request for production of documents, and the depositions of Warren and Judith Ryman establish that plaintiffs are not entitled to any recovery in this action.

Pa.R.C.P. 1035 provides, in part as follows:

"(a) After the pleadings are closed . . . any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits, if any."

"(b) . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

It is our duty to review the record in a light most favorable to plaintiffs: Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 590 (1971). The one who moves for summary judgment has the burden of showing that there is no genuine issue as to any material fact. The court should accept as true all well-pleaded facts and any admission on file, but should resolve any doubts as to the existence of a genuine issue of material fact against the party moving for summary judgment: Ammerman v. Lush, 236 Pa. Superior Ct. 231, 345 A. 2d 271 (1975). Moreover, summary judgment may be entered in only the clearest of cases: Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969).

The definitions pertinent to our consideration of this matter are set forth in section 103 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S.A. §1009.103, as follows:

"'Survivor' means:

(A) spouse; or

(B) child, parent, brother, sister or relative dependent upon the deceased for support."

"'Survivor's loss' means the:

(A) loss of income of a deceased which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivior or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have

performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury."

"'Work loss' means:

(A) loss of gross income of a victim, as calculated pursuant to the provisions of section 205 of this act; and

(B) reasonable expenses of a victim for hiring a substitute to perform self-employment services, thereby mitigating loss of income, or for hiring special help, thereby enabling a victim to work and mitigate loss of income."

Under the act, survivors of a person fatally injured in an automobile accident are entitled to both survivor's loss and work loss benefits, with decedent's contribution of income under survivor's loss recovery to be excluded from the amount recoverable under work loss: Allstate Insurance Company v. Heffner, and Pontius v. United States Fidelity and Guaranty Co., 491 Pa. 447, 421 A. 2d 629 (1980). In Midboe v. State Farm Mutual Automobile Insurance Company, 8 D. &C. 3d 83; affirmed, 261 Pa. Superior Ct. 447, 395 A. 2d 991 (1978), affirmed by an equally divided court, _____ Pa. _____, 433 A. 2d 1342 (1981), it is held that a child, parent, brother or sister must establish dependency on the deceased to qualify as a survivor under the act. Although the Midboe case deals only with a claim for survivor's loss benefits under the policy, we believe that proof of dependency likewise is required for a survivor to collect work loss benefits.

The crux of defendant's position is its contention that plaintiffs have failed to demonstrate dependency upon the deceased.

After carefully reviewing the entire record, we disagree with defendant's position, and conclude that the depositions of Judith and Warren Ryman contain sufficient testimony which indicates that there remains for the trier of fact a genuine issue as to whether plaintiffs were dependent upon decedent, a most material fact. In this regard, Mrs. Ryman stated that they ran a family business making silk flower arrangements, floral decorations, breadboards and other wooden items; that decedent made the breadboards and sanded and varnished them; that he made burlap wreaths; that he helped spray mats and get supplies; that he was relied upon heavily in the business; and that she is going to have to hire at least one person to do the work formerly done by decedent.

Mr. Ryman stated that decedent contributed toward payment of bills; that when decedent was laid off work, he still contributed "X" dollars; that when he worked, he gave an average of $40 or $50 weekly; and that he assisted in operating a stand at the Bloomsburg Fair, as well as with helping around the house and yard.

The act makes no mention of the extent of the dependency upon decedent required by a survivor. We believe, however, that the following excerpt from the court decision in Dennis v. Ohio Casualty Insurance Company, 61 Westmoreland 28 at p. 32 gives proper guidance:

"The words 'dependent upon for support' must be interpreted as the Legislature would have intended, given the plain wording of the statute and the legislative history of the No-fault Act. Though the statute creates a dependency test for non-spouse survivors, and thereby limits the eligibility more severely than in the cases of surviving spouses, the statute cannot be so narrowly con-

strued as to frustrate the purpose of the statute. The Legislature has determined that one of the purposes of the Act is to assure payment to victims who actually demonstrate a survivor's loss . . . the test is not to become an impenetrable barrier against recovery by one who was substantially dependent upon the decedent for *some* of life's necessities. It should be noted that within the Workmen's Compensation cases and within the cases decided under the Survivor's Act cases, as well as in domestic relations cases, dependency is a *relative* concept and always viewed against the facts of the particular case." (Emphasis supplied.)

Since this is not a case in which summary judgment is clearly warranted, defendant's motion must be denied.

Accordingly, we enter the following

### ORDER

It is hereby ordered, adjudged and decreed that defendant's motion for summary judgment is denied and dismissed.