513 A.2d 459

**DAUPHIN DEPOSIT BANK AND TRUST COMPANY**

v.

**William B. TENNY and Shirley A. Tenny, his Wife and Wm. B. Tenny, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued May 21, 1986.

Filed July 31, 1986.

Petition for Allowance of Appeal Denied Jan. 27, 1987.

---

William B. Tenny, Camphill, appellants, in pro. per.
James D. Flower, Lemoyne, for appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellants appeal a final Order, dated July 8, 1985, granting summary judgment for appellees and denying the relief requested by appellants.

This case has a long and complicated procedural history which involves numerous journeys through the appellate courts. On July 16, 1974, William B. Tenny, Inc. (corporation) executed a mortgage for $80,000 to appellee, Dauphin Deposit Bank and Trust Company.[1] On February 9, 1977, appellee initiated foreclosure proceedings against appellant corporation. Appellant filed an answer admitting default but contesting the reasonableness of a demand for attorney's commissions.[2] *Dauphin Deposit Trust Co. v. Tenny*, 27 Cumberland L.J. 356, 357 (1977). The lower court in that case found that appellants admitted the existence of the mortgage and its terms and conditions and the court concluded the attorney's fees were reasonable. Appellant's appeal to this Court was dismissed. Appellee entered judgment against appellant and issued a writ of execution. The corporate property was purchased by appellee on June 15, 1978 at a sheriff's sale.

On July 3, 1978, Mr. Tenny filed a mechanic's lien against the corporate property and on July 14 he filed a petition to set aside the sheriff's sale. On July 31, 1978, the sheriff's deed to the corporate property was delivered to appellee. On December 5, 1978, the lower court ordered the striking

1. On September 5, 1974, William B. and Shirley A. Tenny as individuals executed a mortgage for $100,000, also to Dauphin Deposit Trust Co. The September 5, 1974 mortgage is not a subject of this dispute, although its terms are tangentially related. See Footnote 2. Both mortgages were foreclosed simultaneously.

2. The corporate mortgage contained a provision for an attorney's commission of five per cent of the principal sum of the mortgage. The personal mortgage of September 5, 1974 contained a similar provison for fifteen per cent. Both mortgages were in default when appellee foreclosed. Appellants asserted the fifteen per cent and five per cent provisions were unreasonable.

of the mechanic's lien and dismissed the petition to set aside the sheriff's sale, finding that Mr. Tenny was not a party in interest to the corporate foreclosure. Mr. Tenny then appealed the lower court Orders striking the mechanic's lien and dismissing his petition to set aside the sheriff's sale of the corporate property; the Superior Court affirmed the Orders, in separate actions, and the Supreme Court refused allocatur.

On December 12, 1978 appellee filed a complaint and amended complaint to quiet title and obtain possession of the corporate property. Appellee brought the quiet title action against the appellant corporation and joined the individual appellants because they appeared to be in actual possession of part of the premises.

After a non-jury trial the lower court held appellee was entitled to a judgment for possession. Appellants' exceptions were denied and appellants again appealed, and again the Superior Court affirmed the lower court. Our Court held the individuals did not have standing as parties in interest to prosecute the appeal because the issue concerning the mortgage, mortgage foreclosure, sheriff's sale and quiet title action involved the corporate property. As to the issues raised by the corporation as appellant, our Court held collateral estoppel barred the corporation from relitigating the validity of the mortgage and dismissed the corporation's challenges to the sheriff's sale.

On January 7, 1985, appellee filed for a writ of possession for the corporate property. On February 4, 1985, appellants filed a petition for declaratory judgment and other relief. In their petition for a declaratory judgment, the appellants urged that the mortgage instrument involving the corporate property be declared void and all actions brought under it barred. Appellants first argued they had paid the mortgage debt on the corporate property, but that appellee had failed to enter satisfaction. Appellants next asserted appellee forged the mortgage and note by adding

the corporation as obligor. Appellee answered the petition for declaratory judgment and then, on March 20, 1985, moved for a summary judgment arguing that the validity of the corporate mortgage had been determined in a prior action and the individual appellants had no standing to challenge the corporate mortgage foreclosure.

On July 8, 1985, the lower court granted appellee's motion for summary judgment, and denied appellants' requested relief. The court held that appellants had admitted the validity of the corporate mortgage in a prior action, the Superior Court had previously held the individual appellants lacked standing to challenge the foreclosure proceeding, and the corporate appellant was collaterally estopped from challenging the foreclosure. The Order granting summary judgment also dismissed appellants' petition for declaratory and other relief. Exceptions to this Order were filed on July 15, 1985 and denied on August 30, 1985. Appellants now appeal the July 8 Order.

A motion for summary judgment can be granted only if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court should accept as true all well-pleaded facts and admissions of record, but should resolve any doubts as to the existence of a genuine issue of material fact against the movant. *Ammerman v. Lush*, 236 Pa.Super. 231, 345 A.2d 271 (1975). On appeal from summary judgment, this Court must examine the record in the light most favorable to the non-movant, the appellants. *Augostine v. Pa. National Mutual Casualty Ins. Co.*, 338 Pa.Super. 15, 487 A.2d 828 (1984).

Appellants contend the trial court erred in granting summary judgment because there are genuine issues of material fact. However, the factual disputes appellants contend exist are not material. Appellants argue there are two questions at issue: 1) whether the full amount due upon the corporate mortgage bond has been paid, and 2) whether the

mortgage bond held and produced by the appellee is a forgery.

As pointed out by the lower court and by this Court in an earlier appeal, these questions are no longer proper subjects for litigation. Both questions were determined in the initial corporate mortgage foreclosure action when appellants "admitted the existence of the mortgage, the terms and conditions thereof, and their default thereunder". *Dauphin Deposit Trust, supra.* Thus, in a prior action appellants conceded the validity of the mortgage. Appellants are now estopped from asserting the mortgage is somehow defective. *See Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 464 A.2d 1313 (1983).

Appellants' assertion of lack of subject matter jurisdiction appears to stem from the contention that the mortgage is a forgery. Although appellants are correct in stating that subject matter jurisdiction is never waived, we find no support for the suggestion[3] that any of the courts which have heard argument on this case have lacked subject matter jurisdiction.

We have examined the other contentions made by appellants, thoroughly reviewed the record and the Opinion of the lower court, and conclude the remaining issues raised by appellants are without merit. Appellants allege the lower court misunderstood their arguments and therefore misstated the issues and misapplied the law. This allegation is unsupportable.

Appellants also argue the lower court abused its discretion by failing to grant their request for a jury trial. Because there were no genuine issues regarding material

---

3. Appellants contend 21 P.S. §§ 687 and 703 create a bar to actions and that this bar relates to the courts' subject matter jurisdiction. However, § 687 provides that a bar to further action is created *after* "due proof" is offered that the full amount of the mortgage has been paid. The point is, again, that this issue is no longer a proper subject for litigation.

facts and appellee was entitled to judgment as a matter of law, a jury trial was not an option for appellants.

■ While we have dealt with the issues presented by appellants as on the merits, we have done so only because appellant is pro se and we wish to make clear to him the insufficient legal basis for his claim. This matter should and must be quashed because the appeal was untimely. Although the Order of July 8, 1985 appears to have been a final Order, no appeal was taken at that time. Rather, exceptions were filed. *See Reed v. Pa. National Mutual Casualty Insurance Co.*, 342 Pa.Super. 517, 493 A.2d 710 (1985) (appellant was not required to file exceptions to trial court's Order granting judgment on the pleadings where trial court, in ruling that appellant's action was barred by statute of limitations, did not go beyond the pleadings). And *see Burkhart v. Brockway Glass Co.*, 352 Pa.Super. 204, 507 A.2d 844 (1986), involving an appeal from denial of exceptions to summary judgment); *Hunter v. Employers*, 347 Pa.Super. 227, 500 A.2d 490 (1985) (appeal from Order vacating summary judgment); *Williams v. Dobransky*, 304 Pa.Super. 483, 486–487 n. 4, 450 A.2d 1015, 1016–17 n. 4 (1982) (Re: exceptions to summary judgment). An appeal lies directly from a summary judgment.

We also note that in their docketing statement, appellants indicated that there are related matters pending. We note the pending appeal at *Tenny, et ux. v. Mihalich, et ux.*, No. 710 Hbg., 1985, from an Order entered September 30, 1985 by Judge Sheely in an action to quiet title at No. 2621 Civil Division, 1984 in the Court of Common Pleas of Cumberland County.

Since we have reviewed the issues raised by the appellants as to their merits, which are the same issues involved in the pending action, although the form of the action is different, we would refer this Opinion to the panel of this Court which will review that matter for its consideration.

For the above-stated reasons, the appeal is quashed.

Appeal quashed.