**Inverso v. Bob's Country Deli and Fine Foods**

*Joseph P. Connor, III,* for plaintiff.
*Sean O'Callaghan,* for defendant.

RILEY, *J.,* July 28, 1993—Presently before me is plaintiff's post-trial motion to set aside entry of nonsuit. The trial of the instant case began on March 31, 1993, before a jury of eight. At the case close of plaintiff's case, on March 31, defendant moved for a nonsuit. After hearing argument from both sides, I took this matter under advisement. On April 1, 1993, I granted defendant's motion.

In her post-trial motion, plaintiff alleges that this court erred in granting nonsuit as plaintiff proved by a fair preponderance of the evidence the existence of a defect (namely a greasy, slippery substance) on the floor; that circumstantial evidence existed which proved that the substance existed for a period of time in excess of one hour, thereby creating a dangerous condition; that there was a sufficient basis for a jury to find that the defect existed and defendant had constructive notice of same; and finally, that this court failed to allow the jury to factually examine whether or not the inspection procedures used by the defendant were adequate and in accordance with his duties as an occupier of premises to invitees.

The standard of review for a nonsuit follows:

"... a nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved." *McMillan v.*

*Mountain Laurel Racing, Inc.,* 240 Pa. Super. 248, 251-52, 367 A.2d 1106, 1107-08 (1976).

Additionally, "the plaintiff must be given the benefit of all favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in favor of the plaintiff." *Id.,* citing *Miller v. McMinn's Industries, Inc.* 410 Pa. 234, 188 A.2d 738 (1963); *Idlette v. Tracey,* 407 Pa. 278, 180 A.2d 37 (1962).

To make out a prima facie case in a negligence action based on the Restatement (Second) of Torts §343 (1965),[1] the invitee must prove that the proprietor had either actual or constructive notice of the offending transitory condition which allegedly caused the invitee's harm. See *Moultrey v. Great A&P Tea Co.,* 281 Pa. Super. 525, 422 A.2d 593 (1980).

Plaintiff, in the instant case, has provided this court with no proof as to what, if anything, caused her to slip. Without this essential element, plaintiff cannot go on to prove that defendant had actual or constructive notice of the alleged defective condition. The only evidence presented, from which the jury could infer a slippery substance was on the floor long enough for constructive notice to the Deli, is plaintiff's testimony

---

1. "Section 343, Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

that she did not hear nor see a spill during the half-hour to 45 minutes she sat at the booth for breakfast. Plaintiff's testimony that she did not hear nor see a spill assumes that the slippery substance came from a spill and that there would be a sight or sound associated with the spill; it could have been tracked in by a customer or leaked onto the floor from the ceiling or a wall. Keeping in mind the standard for nonsuit, I have given plaintiff the benefit of all favorable testimony and every reasonable inference arising therefrom, and I do not find the inferences she draws from the record, in support of her allegations against defendant, to be reasonable.

I am guided by *Martino v. Great A&P Tea Co.,* 419 Pa. 229, 213 A.2d 608 (1965) where plaintiff proved there was something on the floor (a grape) which made her slip but there was no evidence of how it got there, how long it had been there, that the store was aware of its presence and that the store failed to make an effort to remove the object. The lower court in *Martino* granted nonsuit and the Supreme Court upheld the nonsuit, stating that "... [t]here is no evidence from which the jury might reach a conclusion as to the cause of the presence of the grape in the aisle, and jurors may not be permitted to reach conclusions based upon guess or conjecture." *Martino v. Great A & P Tea Co., supra* at 234, 213 A.2d at 610.

Accordingly, plaintiff in the instant case did not meet the burden of proof and nonsuit is proper.

Based on the foregoing, I enter the following:

## ORDER

And now, July 28, 1993, upon careful consideration of plaintiff's post-trial motion and defendant's response thereto, said motion is hereby denied.