## Sheehan v. Choice Hotels International Inc.

C.P. of Lehigh County, no. 1999-C-0138.

*Robert N. Braker,* for plaintiffs.
*Gary A. Nau,* for defendants.

GARDNER, *P.J.,* August 3, 2001—This matter is before the court on defendants' Choice Hotels International Inc. and Parkview Motel Corporation d/b/a Comfort Suites motion for summary judgment filed December 21, 2000. Plaintiffs' response in opposition, to defendants' Choice Hotels International Inc. and Parkview Motel Corporation d/b/a Comfort Suites motion for summary judgment was filed January 26, 2001. Each party briefed the matter.

Oral argument was held before the undersigned on August 3, 2001. Immediately upon the conclusion of oral

argument, in open court, on the record, and in the presence of counsel for the parties, we dictated the within bench opinion. For the reasons expressed below, we deny the motion for summary judgment.

This is a personal injury action. Plaintiffs allege that on January 30, 1997, plaintiff Peggy J. Sheehan, while a business invitee on the premises of defendant Comfort Suites Hotel in Allentown, Lehigh County, Pennsylvania, was utilizing the restaurant bathroom. She contends that when she attempted to leave the bathroom stall, the door suddenly and without warning came off its hinges and struck her on the head and shoulders, causing injuries. Plaintiff-husband Thomas W. Sheehan seeks damages for loss of his wife's consortium.

Plaintiffs contend that the door fell because of an act of negligence on the part of defendants. Plaintiffs contend that defendants failed to maintain their premises in a proper and adequate manner and negligently repaired and maintained the door.

Plaintiff proceeds on two theories of recovery. The first is negligence. The second is the legal doctrine of res ipsa loquitur. Plaintiffs also contend, as an evidentiary matter, that they are entitled to an adverse inference jury instruction because of the spoliation of evidence by defendants' maintenance man who allegedly discarded a hinge pin from the bathroom door.

Defendants contend that plaintiffs are unable to establish that defendants created the condition and are unable to establish that defendants had actual or constructive notice of a defective condition of the bathroom stall door. Defendants argue that to permit the jury to find negli-

gence under the circumstances would be to impermissibly permit the jury to speculate. We disagree.

On pages 36 and 37 of the deposition of Henry Beers, defendants' maintenance man, Mr. Beers testified that prior to the accident he tapped down every one of the plastic hinge pins on every bathroom door. He tapped them down as far as they would go to make them even with the top of the door. Later in his deposition he somewhat backed down from that testimony and stated that he never tried tapping them down. He also stated that he would tap them down a little to see if they would go further, but that they never went down further than where they were. (See deposition of Henry Beers of March 14, 2000, pp. 36-37, attached as an exhibit to plaintiffs' response in opposition to defendants' motion for summary judgment.)

In deciding a motion for summary judgment the record must be viewed in the light most favorable to the non-moving party, and all doubts to the existence of a genuine issue of material fact must be resolved against the moving party. *Rush v. Philadelphia Newspapers Inc.*, 732 A.2d 648, 650 (Pa. Super. 1999). Here, despite Mr. Beers' wavering, plaintiffs are entitled, for purposes of this motion, to the assumption that a jury could find credible that part of Mr. Beers' testimony where he indicated that he hammered the plastic hinge pin all the way down to its level position, as he initially stated.

In addition, plaintiffs' expert professional engineer, Mark I. Marpet Ph.D., in his written expert report dated October 2, 2000 (see exhibit attached to plaintiffs' response to the motion for summary judgment at p. 4), ren-

dered the opinions that the reason the door fell off and injured Mrs. Sheehan was because the plastic hinge pin failed. He also opined that the cause of the hinge failure was Mr. Beers' tapping of the hinge pin with a hammer in an effort to force it flush with the top of the door.

Plaintiffs' evidence, if believed by the jury, would support a finding of negligence on the part of defendants which was a substantial factor in bringing about plaintiff's injury. In other words, these matters establish a genuine issue of material fact which render summary judgment inappropriate, and which must be resolved by the jury or factfinder *Rush, supra.*

Where, as here, if the harmful condition is traceable to the acts of a defendant possessor of reality, or its agent's act, then plaintiffs need not prove that defendant had notice of the harmful condition in order to hold the possessor accountable for the resulting harm. In establishing a prima facie case, a business invitee, such as Mrs. Sheehan, may show that the owner created the condition and thereby forgo proof that the owner had actual or constructive notice of the condition. *Moultrey v. The Great A & P Tea Company,* 281 Pa. Super. 525, 530-32, 422 A.2d 593, 596-97 (1980).

Because we have concluded that plaintiffs have established sufficient evidence of negligence to take this case to a jury on a theory of negligence, it is not necessary for us to evaluate the appropriateness of plaintiffs' res ipsa loquitur or spoliation theories. Defendants argue that if plaintiffs are able to sufficiently establish a negligence action, then they may not rely upon the doctrine of res ipsa loquitur. Defendants also contend that plaintiffs

failed to negate other reasonable causes for the loss, such as a defective pin, or other patrons hanging on the bathroom door. We disagree.

Under the circumstances of this case, plaintiffs are permitted to rely upon the alternate theories of negligence and res ipsa loquitur. See *Smith v. City of Chester,* 357 Pa. Super. 24, 515 A.2d 303 (1986); and *Gilbert v. Korvette Inc.,* 457 Pa. 602, 327 A.2d 94 (1974). In *Gilbert,* the Superior Court of Pennsylvania adopted the res ipsa loquitur doctrine as provided in section 328D of the Restatement (Second) of Torts. This section states that it may be inferred that harm suffered by a plaintiff is caused by the negligence of the defendant when three factors are present. First, the event is of a kind which ordinarily does not occur in the absence of negligence. Second, other responsible causes, including the conduct of a plaintiff and third persons, are sufficiently eliminated by the evidence. Third, the indicated negligence is within the scope of defendant's duty to the plaintiff.

Here, plaintiff's conduct, if her testimony is believed, eliminates her own contributory negligence as the cause of the action. There is nothing of record to suggest that the pin failed because it was defectively manufactured or otherwise defective, other than as caused by the hammering of defendants' maintenance man. It is not necessary that plaintiffs exclude all other possible causes of the accident beyond a reasonable doubt. All that is required is that plaintiffs present a case from which a jury may reasonably conclude that the negligence was more probably than not that of the defendants. *Smith,* 357 Pa. Super. at 28, 515 A.2d at 305.

While it is true that a res ipsa loquitur instruction is not warranted in the face of clear and indubitable proof of negligence, it is also true that res ipsa loquitur is appropriate where the facts of a case lie somewhere in a gray zone between the case in which plaintiff brings no evidence of specific acts of negligence (and therefore must rely on the res ipsa loquitur inference alone), and the case in which the defendant's negligence can be clearly ascertained from the plaintiff's evidence, and therefore the plaintiff need not rely on the res ipsa loquitur inference at all.

In other words, a plaintiff is entitled to the res ipsa loquitur instruction in a case where the plaintiff can present some direct evidence of negligence, but cannot, beyond a doubt, pinpoint the exact cause of the accident. *Smith,* 357 Pa. Super. at 30-31, 515 A.2d at 306. This is the situation in the case before this court, viewing the record in the light most favorable to plaintiffs as the non-moving party in this motion for summary judgment, as we are required to do.

Concerning spoliation of evidence, plaintiffs contend that Mr. Beers discarded the plastic hinge pin after knowing that the door fell off its hinges and injured plaintiff, because he was allegedly in the bathroom shortly after her accident while she was still there. We will reserve until trial, in the context of the evidence as it unfolds at that time, whether plaintiffs are entitled to any instruction concerning an adverse inference because of the alleged spoliation of evidence. In this regard, defendants contend that their maintenance man had no reason to know that he should do anything other than throw away the defective hinge.

For all the foregoing reasons we deny defendants' motion for summary judgment.

## ORDER

Now, August 3, 2001, upon consideration of defendants' Choice Hotels International Inc. and Parkview Motel Corporation d/b/a Comfort Suites motion for summary judgment filed December 21, 2000; upon consideration of the briefs of the parties; after oral argument held this date; and for the reasons contained in the accompanying bench opinion, it is ordered that the motion for summary judgment is denied.