Johnson *v.* Otis Elevator Company, Appellant.

Argued September 17, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*William V. Coleman,* with him *Liebert, Short, Fitzpatrick & Lavin,* for appellant.

*Jack M. Myers,* with him *Zack, Myers and Atkinson,* for appellee.

OPINION BY CERCONE, J., November 16, 1973:

This is a trespass action for personal injuries alleged to have been sustained by plaintiff when the door of a fully automatic elevator which he was about to board on his employer's premises came into contact with the right side of his body and a bolt of electricity or a bolt of fire emanated from the door's electric eye mechanism. A fellow employee who was behind the plaintiff testified as to witnessing the alleged occurrence.

The action was brought against Otis Elevator Company which was under contract to maintain and service the elevator for the owner, Landis State Hospital, plaintiff's employer. The jury returned a verdict of $4,000 in favor of plaintiff and Otis has appealed. The governing issue presented to this court on appeal is whether or not the court below erred in permitting the doctrine of exclusive control to be applied to Otis.

It is Otis' claim that it did not have exclusive control of the elevator because plaintiff was making use of and was in control of the elevator, Otis' duty extending only to servicing and maintaining it. These claims,

however, were similarly asserted by Otis in *Gilbert v. Korvette's, Inc. and Otis Elevator Company*, 223 Pa. Superior Ct. 359 (1972) where a child's foot became lodged in the combs of the step of an escalator. This court there held that the doctrine of res ipsa loquitur was not applicable against Otis because that doctrine applies in Pennsylvania only where a duty to exercise a high degree of care exists and Otis, being only the servicing and maintenance contractor, could not be considered a common carrier owing such a duty of care. However, this court did clearly hold that the doctrine of exclusive control was applicable against Otis, stating: "Clearly, the law permits a finding of joint exclusive control in the case of two or more defendants. Bollin v. Elevator Construction and Repair Co., Inc., 361 Pa. 7, 63 A. 2d 19 (1949); Prosser, Torts, 2d Ed. 1955, Section 85, pp. 514-515. In the instant case, Korvette, as owner and operator of the escalator in its store, certainly exercised exclusive control in the day-to-day operations of the instrumentality. Otis, by contracting to service and maintain the escalator on a weekly basis, likewise exercised exclusive control, at least in its capacity as the sole service company.

"Escalators are widely used in public buildings, especially department stores, and thousands of people, including children use them daily without injury. It is not unreasonable for one to assume that it is safe to use them in the manner and for the purpose for which they were intended. For such an instrumentality to malfunction in such a way as to permit a small child to somehow get his foot lodged between the combs, and thereby sustain injury being unable to extricate himself from the spot, clearly was an occurrence which ordinarily would not have happened absent some breach of care."

Otis makes the argument that "the instrumentality which caused the injury was electricity and not the ele-

vator itself. It can hardly be said that Otis has exclusive control over the electricity when its ultimate source and route of travel are considered. At the very least the electricity is also controlled by the Philadelphia Electric Company and the building owner." In so arguing, Otis fails to recognize the fact that the electricity which went out of control was required to be controlled and properly utilized within the mechanism of the elevator and that it was Otis' duty to service and maintain it so as to prevent such diversion of the electricity from its expected path of travel.

Contrary to the assertions of Otis, the accident here was of such a nature that the jury could properly find that it would not ordinarily happen in the absence of negligence on the part of the company in charge of the servicing and maintenance of the elevator.

Otis argues that the court improperly allowed the jury to determine whether or not "the accident was of such a nature that it would not have happened unless the defendant was negligent," Otis claiming that this was an issue for the court alone to decide. It is true that a trial judge may determine negligence as a matter of law based on unassailable facts in a given case. However, where the facts are not unassailable, he is not justified in finding negligence as a matter of law. If the facts proved in a case reasonably permit the conclusion that negligence is the more probable explanation this conclusion is not for the court to draw, or refuse to draw in any case where either conclusion is reasonable, and even though the court would not itself find negligence it must still submit the question to the jury. This view is supported by Restatement of Torts, Section 328 D, Comment on Clause (a) of Subsection (1).[1]

---

[1] Although the Restatement refers to the doctrine of res ipsa loquitur, it is equivalent to Pennsylvania's Doctrine of Exclusive Control. Sec. 328 D, Comment (b).

504

We find no merit in the defendant's contention that the verdict of $4,000 was shockingly excessive because the jury had been instructed to disregard the medical testimony as failing to establish a causal connection between plaintiff's injuries and the accident. There was sufficient independent evidence upon which the jury's verdict could properly be based. There was the testimony of an eyewitness as to plaintiff's removal from the elevator in an unconscious state and placement in a wheelchair; plaintiff's receiving treatment at the hospital where he was employed, the hospital records of such treatment and of treatment at the Naval Hospital, all of which were introduced into evidence. Plaintiff's arm (exhibited to the jury) bore visible burn marks. Plaintiff and his wife testified as to the pain and discomfort resulting to plaintiff from the accident. All this evidence reasonably supported the jury's determination that the plaintiff did suffer injuries as a result of the accident for which he was entitled to be recompensed to the extent of $4,000.00.

Order of the court below refusing defendant's motions for judgment n.o.v. and for new trial affirmed.