515 A.2d 303

**Harry SMITH and Nancy Smith, Appellants,**

**v.**

**CITY OF CHESTER and Delaware County Regional Water Quality Control Authority, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 12, 1986.

Filed July 30, 1986.

Reargument Denied Sept. 30, 1986.

Lawrence D. Finney, Philadelphia, for appellants.

Nicholas S. Lippincott, Elliotsburg, for appellees.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

MONTEMURO, Judge:

The instant appeal is taken from judgment entered on June 6, 1985 by the Delaware County Court of Common Pleas pursuant to the trial court's order denying appellants' motion for a new trial.

Appellant, Harry Smith, was injured while working for Union Paving Company, which had been hired by appellee, the City of Chester, to resurface Mowry Road in Chester County. Appellant's specific job was to follow behind the asphalt rollers and pour hot tar along seams in the newly compressed blacktop. While pouring the tar, appellant stepped on a metal sewer grate which gave way causing him to fall groin high into the sewer inlet. The motion of the fall caused hot tar to fall upon appellant resulting in second and third degree burns. A jury trial was held in June of 1984, at the end of which the jury returned a verdict for appellee. Appellant filed a motion for new trial which was denied. This appeal followed.

The sole issue raised on appeal is whether the trial court erred in refusing to give a *res ipsa loquitor* jury instruction. In *Gilbert v. Korvette Inc.*, 457 Pa. 602, 327 A.2d 94 (1974), our supreme court adopted the *res ipsa loquitor* doctrine as provided in Section 328 D of the Restatement (Second) of Torts. This section states:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

■ This doctrine is not a substantive rule of law nor a procedural rule but is merely evidentiary in nature. The rationale behind this doctrine is to aid plaintiffs in making a *prima facie* case of negligence against defendants by allowing an inference of negligence to be deduced from competent evidence on the theory that in the course of ordinary events, the injury or damage complained of would not have occurred in absence of negligence.

■ It is well settled that all three of the elements set out in section 328 D(1) must be satisfied before an inference of negligence can be drawn from an injurious event. *Lanza v. Poretti*, 537 F.Supp. 777 (1982). In the case *sub judice*, the trial court held that appellant failed to fulfill the requirement of section 328 D(1)(b), *supra*, in that appellant's evidence failed to sufficiently eliminate other responsible causes. The trial court stated that appellant's evidence presented at trial did not eliminate his own contributory negligence as a cause of the accident.[1] We find the record belies the trial court's finding. Appellant testified that he looked at the grate prior to stepping on it and that "it looked normal". N.T. June 26, 1984 at 41. Appellant's co-worker, Garland Claybourne, who observed the sewer grate just prior to appellant's accident, testified that the grate appeared to be fine and that he did not see any breaks along the slats of the grate. *Id.* at 13. Although appellant presented evidence from an expert witness, Dr. David Pope, a metallurgist, who testified that appellant's weight alone could not have broken the grate and that "it was broken prior to the time that [appellant] stepped on it," there was no evidence presented which would lead one to believe that appellant was on notice that the sewer grate was broken prior to his stepping on it. *Id.* at 124, 128. In fact, all the evidence was to the contrary. Appellant and Claybourne

---

1. Appellees presented absolutely no evidence as to appellant's contributory negligence, nor do they argue this issue in their brief.

were the only witnesses called who were able to testify as to the condition of the grate prior to the accident. Both stated that the grate appeared ordinary and safe. We find that appellant has sufficiently eliminated his own conduct as possibly being a responsible cause of this accident.

The trial court also found that appellant had not sufficiently eliminated his employer, Union Paving Company, as a responsible cause of this accident. It is alleged that the eight (8) ton roller that appellant followed, as the crew resurfaced the road, had rolled over the sewer grate and broken it just prior to his stepping on it.

It is not necessary that appellant exclude all other possible causes of the accident beyond a reasonable doubt. All that is required is that appellant present a case from which a jury may reasonably conclude that the negligence was, more probably than not, that of the defendant. Restatement (Second) of Torts § 328 D comment f. We find from our review of the record that appellant has met the threshold requirements of section 328 D(1)(b) in that the jury could reasonably conclude that it was more likely than not that appellant's injuries were the result of appellee's negligence. *Lanza v. Poretti, supra.* There was substantial evidence presented at trial that, if found credible,[2] would eliminate appellant's employer as a possible cause of the accident. At trial, appellant produced several witnesses who testified to the fact that, not only did the rollers miss running over the sewer grate, but that it would have been impossible for them to have done so. A field inspector from an engineering firm, Frank Verratti, a man with fifty (50) years experience in all aspects of road paving, testified for appellant that because the grate was angled down in a depression for drainage purposes, the "roller would come straight across and it wouldn't touch that grate." N.T. June 26, 1984 at 29–30. Garland Claybourne, an eyewitness to the accident, who had fourteen (14) years road paving experience, testified that he had personal knowledge of the

---

**2.** There was no mention made in the trial court's opinion as to the court's findings of credibility.

fact that rollers had not gone over the grate in question and that the inlet around the grate had been "hand tamped", a procedure that would only be done in an area which the roller could not reach. *Id.* at 17, 19.

The two roller operators working on the resurfacing crew on the day of the accident, Richard Armstrong and George Miller, both testified that they had not rolled over the sewer grate and that it would have been impossible to do so because the sewer sat in a depression. *Id.* at 37, 89–91. Appellee's expert witness, David Hoenig, a civil engineer, was unable to testify conclusively that the sewer grate broke due to the impact of Union Paving's rollers. Mr. Hoenig testified that the rungs of the sewer grate were weakened by hairline fractures caused by repeated impacts from trucks and cars. N.T. June 28, 1984 at 74–75. Mr. Hoenig went on to testify that although he believed that the roller had crossed over a particular side of the grate, he admitted that this was not the side of the grate that had been broken. On cross-examination, Mr. Hoenig testified that he believed the *broken* half of the grate went untouched by the rollers. *Id.* at 78–79.

We find from the evidence presented at trial that the jury could reasonably conclude that the accident was "more probably than not" caused by the negligence of the appellee. *See Lanza v. Poretti, supra.* As appellant's evidence has sufficiently fulfilled the three conditions [3] of section 328 D(1), we find appellant has met the factual threshold required to receive a *res ipsa loquitor* charge.

The trial court further contends that appellant is not entitled to an instruction to the jury on *res ipsa loquitor* due to appellant's presentation of specific evidence of appellee's negligence. While it is true that a *res ipsa loquitor* instruction is not warranted in the face of clear and indubitable proof of negligence, it is also true that a *res ipsa loquitor* charge is appropriate where the facts of a case lie somewhere in a grey zone "between the case in which the

3. It is undisputed that under the facts of this case, the requirements of section 328 D(1)(a) and 328 D(1)(c) are fulfilled.

plaintiff brings in *no* evidence of specific acts of negligence, and therefore must rely on the *res ipsa loquitor* inference alone, and the case in which the defendant's negligence 'can be clearly and indubitably ascertained' from the plaintiff's evidence, *Farley v. Philadelphia Traction Company*, 132 Pa. 58, 18 A. 1090 (1890), and therefore the plaintiff need not rely on the *res ipsa loquitor* inference at all." *Hollywood Shop, Inc. v. Pa. Gas & Water Co.*, 270 Pa.Super. 245, 252–53, 411 A.2d 509, 513 (1979).

In *Hollywood Shop, Inc.*, a shop owner's property was damaged as a result of a water main break. At trial, plaintiff's expert witness, a civil engineer, testified that the water main break could not have occurred if the main had been properly installed, maintained and inspected. The witness further testified that the main broke due to corrosion caused by electrolysis. The witness went on to opine that the fact that this main was in constant use for numerous years was inconsistent with good industry practice. The trial judge in *Hollywood* instructed the jury that if they believed the testimony of the expert witness about the corrosion of the main, then they could find the defendant negligent. Plaintiff's request for a *res ipsa loquitur* instruction was denied by the trial judge. Plaintiff filed a motion for a new trial, on the *res ipsa loquitur* issue, which was granted by the lower court sitting *en banc*. Our court affirmed the order holding that a plaintiff is entitled to a *res ipsa loquitur* instruction in a case where the plaintiff can present some direct evidence of negligence, but cannot, beyond a doubt, pinpoint the exact cause of the accident.

Our court in *Hollywood Shop, Inc.* relied on *Weigand v. Pennsylvania Railroad Company*, 267 F.2d 281 (3d Cir. 1959). The plaintiff in *Weigand*, when walking toward a train, stepped between two railroad tracks. The ground between the tracks gave way and plaintiff fell into a six-foot hole injuring himself. Although plaintiff was proceeding under a *res ipsa loquitur* theory, he also produced evidence at trial to offer an explanation as to why this

accident occurred.[4]  In light of the pertinent expert testimony, the trial court denied plaintiff's request for a *res ipsa loquitur* charge.  The circuit court, reversing the district court, stated:

[W]e have before us not only a *res ipsa* claim but one capable of some specific proof regarding the railroad's alleged negligence.  In these peculiar circumstances to force the plaintiff to abandon one of his theories is not only illogical but unfair.

*Id.* at 284.

In the instant case, appellant's expert witness, Dr. Pope, testified as to the condition of the metal sewer grate.  Dr. Pope stated that the grate was corroded and excessively porous, and thus weaker than it should have been.  N.T. June 27, 1984, at 121.  Dr. Pope also testified that this condition was visible to the naked eye and had been present for quite a while.  *Id.* at 123.  Dr. Pope further testified that there was no evidence of porosity, visible or microscopic, in the portion of grate which collapsed under appellant's weight.  *Id.* at 125.  When asked if he knew what caused the sewer grate to break, Dr. Pope replied, "No, I don't." *Id.* at 124.

■ We find appellant's evidence inconclusive and not determinative as to the cause of the accident.  Appellant presented as specific a case of negligence as possible, yet was unable to demonstrate the *exact* cause of the accident. We find the evidence in this case falls within the grey zone, a factual realm which allows for a *res ipsa loquitur* charge. *Hollywood Shop, Inc., supra.*  We see no reason to deprive appellant of this inference of negligence because he attempted to prove, by direct evidence, as much as possible; therefore, we reverse the judgment of the trial court and remand for a new trial.

We reverse the judgment entered in the court below and remand for a new trial.  Jurisdiction is relinquished.

4. Plaintiff called an engineer to testify as to the drainage conditions in the area of the accident.