606 A.2d 1218

Vincent McDONALD and Nancy McDonald, Appellants,

v.

ALIQUIPPA HOSPITAL, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed April 30, 1992.

318

Thomas Kovalchick, Arnold, for appellants.

Louis C. Long, Pittsburgh, for appellee.

Before CAVANAUGH, WIEAND and HESTER, JJ.

WIEAND, Judge:

In this action to recover damages for injuries caused to the husband-plaintiff's right foot by the closing of automatic hospital doors while he was seated in a wheelchair being pushed by a nurse, the trial court entered a compulsory non-suit in favor of the hospital. When the court subsequently denied a motion to remove the non-suit, husband and wife plaintiffs appealed. After careful review, we find it necessary to reverse.

In April, 1983, Vincent McDonald, while a patient at Aliquippa Hospital, was being transported by wheelchair from the x-ray department to his room. Because the leg rest on the wheelchair did not function properly, McDonald's right leg was protruding in a position parallel to the floor. When he was pushed through a set of automatic doors, the doors closed prematurely on and pinched his right foot. According to McDonald's testimony, the nurse who was pushing the wheelchair did not immediately cause the doors to be reopened but attempted to pull his foot through the closed doors, thereby causing the doors to close more tightly on his foot. As a consequence, McDonald sustained injuries for which he and his wife, Nancy, sought damages from the hospital. They alleged that the doors had been improperly maintained and that the nurse had been negligent in failing to exercise due care for the safety of her patient.

The law pertaining to the entry of a compulsory non-suit was reviewed in *Thomas v. Duquesne Light Co.*, 376 Pa.Super. 1, 545 A.2d 289 (1988), *aff'd*, 528 Pa. 113, 595 A.2d 56 (1991), as follows:

The rules regarding a compulsory non suit are well established. A judgment of nonsuit can be entered only in clear cases, and a plaintiff must be given the benefit of all evidence favorable to him, together will [sic] all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. *Flagiello v. Crilly*, 409 Pa. 389, 390–391, 187 A.2d 289, 290 (1963). See *Tolbert v. Gillette*, 438 Pa. 63, 260 A.2d

463 (1970). Thus an order granting a nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established. *Ford v. Jeffries*, 474 Pa. 588, 591–592, 379 A.2d 111, 112 (1977).

However, it is also well settled that a jury can not be permitted to reach its verdict on the basis of speculation or conjecture, *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A.2d 477 (1959); and that a judgment of nonsuit is properly entered if a plaintiff has not introduced sufficient evidence to establish the elements necessary to maintain an action. *Schofield v. King*, 388 Pa. 132, 130 A.2d 93 (1957). See *Yohe v. Yohe*, 466 Pa. 405, 353 A.2d 417 (1976); *Dornon v. Johnston*, 421 Pa. 58, 218 A.2d 808 (1966); *Goater v. Klotz*, 279 Pa. 392, 124 A. 83 (1924). In addition, it is the duty of the trial judge to determine, prior to sending the case to the jury, whether or not the plaintiff has met this burden. *Thomas v. Ribble*, 404 Pa. 296, 172 A.2d 280 (1961).

*Id.* at 8–9, 545 A.2d at 292–293, quoting *Morena v. South Hills Health System*, 501 Pa. 634, 638–639, 462 A.2d 680, 682–683 (1983). See also: *Bowser v. Lee Hospital*, 399 Pa.Super. 332, 337, 582 A.2d 369, 371 (1990); *Calhoun v. Jersey Shore Hospital*, 250 Pa.Super. 567, 569, 378 A.2d 1294, 1295 (1977).

 To establish a prima facie case of negligence against the hospital, plaintiffs were required to prove a duty of care on the part of the hospital and a breach thereof causing McDonald's injury. *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978); *Mapp v. Wombucker*, 421 Pa. 383, 219 A.2d 681 (1966); *Williams v. Otis Elevator Co.*, 409 Pa.Super. 486, 598 A.2d 302 (1991); *Zanine v. Gallagher*, 345 Pa.Super. 119, 123, 497 A.2d 1332, 1334 (1985). A hospital has a duty to make its premises safe for patients, who are entitled to rely on the assumption that the hospital has exercised reasonable care for their safety while confined. See: Restatement (Second) of Torts, § 343.

The extent of care required to be exercised by an owner or possessor of land is at all times commensurate with the circumstances surrounding the use to which he has invited his property to be used. The comment to the above-quoted Section 343 of the Restatement of the Law of Torts, 2d, notes: "In determining the extent of preparation which an invitee is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance. One who enters a private residence even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. *On the other hand, one entering a store, theater, office building, or hotel, is entitled to expect that his host will make far greater preparation to secure the safety of his patrons than a householder will make for his social or even his business visitors.*" (emphasis supplied)

*Starke v. Long,* 221 Pa.Super. 338, 341–342, 292 A.2d 440, 443 (1972). Patients of hospitals are especially vulnerable to faulty doors and other equipment. Therefore, a hospital has a duty to inspect such equipment and maintain it in good operating order.

■ As a general rule, the mere happening of an accident does not establish that an injured person has been a victim of negligence. *Hamil v. Bashline, supra; Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969); *Mapp v. Wombucker, supra.* However, negligence, in some instances, may be inferred from circumstances surrounding an accident. *Gilbert v. Korvette's, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974); *Noel v. Puckett,* 427 Pa. 328, 336, 235 A.2d 380, 384 (1967); *Williams v. Otis Elevator Co., supra; Schoenenberger v. Hayman,* 77 Pa.Commw. 411, 416, 465 A.2d 1335, 1338 (1983); *Calhoun v. Jersey Shore Hospital, supra.* Section 328D of the Restatement (Second) of Torts, which was adopted by the Supreme Court of Pennsylvania in *Gilbert v. Korvette's, Inc., supra,* permits a jury to infer

that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

"This principle has been applied in cases in which machinery has malfunctioned but where there is no evidence to identify the specific reason for such malfunction." *Williams v. Otis Elevator Co., supra,* 409 Pa.Super. at 492, 598 A.2d at 305, citing *McGowan v. Devonshire Hall Apartments,* 278 Pa.Super. 229, 237–238, 420 A.2d 514, 518 (1980) and *Carney v. Otis Elevator Co.,* 370 Pa.Super. 394, 536 A.2d 804 (1988).

In the instant case, the husband-plaintiff testified that the automatic doors in the hospital corridor were open as he approached in a wheelchair but that the doors unexpectedly closed on his right foot. The doors held his foot in a tight grip which was released only when the nurse manually forced the doors open. The failure of the doors to sense an object in their path and remain open until safe passage had been secured was a malfunction which would not ordinarily occur if the doors had been inspected and properly maintained. Cf. *Carney v. Otis Elevator Co., supra* (sudden closing of elevator doors and failure to automatically release trapped passenger was malfunction which would not ordinarily occur in absence of negligence); *McGowan v. Devonshire Hall Apartments, supra* (sudden movement of elevator and failure to properly level with hallway floor was malfunction which would not ordinarily occur absent negligence); *Williams v. Eastern Elevator Co.,* 254 Pa.Super. 393, 386 A.2d 7 (1978) (sudden and severe shaking and jolting of moving elevator was circumstantial evidence of negligent maintenance); *Johnson v. Otis Elevator Co.,* 225 Pa.Super. 500, 311 A.2d 656 (1973)

(discharge of electricity from electric eye of automatic elevator door which injured boarding passenger was event not likely to occur in the absence of negligence).

██ Moreover, if the doors were not malfunctioning, then the nurse, who was an employee of the hospital and who had the husband-plaintiff in her charge, had a duty to be alert and to exercise care to move him through the doors without allowing them to close upon and do injury to the extended leg of her patient. Thus, even if the jury found that the automatic doors did not malfunction, it could nevertheless have inferred from the circumstances that a hospital employee had failed to exercise due care in moving the husband-appellant safely through the hospital doors. Where a relatively helpless patient is being moved through the corridors of a hospital by an employee of the hospital, a jury can infer that injuries caused to the patient by automatic doors were the result of hospital negligence.

██ To establish a prima facie case of negligence, it was not necessary that plaintiffs' evidence exclude all other causes of the accident. As the Court observed in *Smith v. City of Chester*, 357 Pa.Super. 24, 515 A.2d 303 (1986),

> It is not necessary that appellant exclude all other possible causes of the accident beyond a reasonable doubt. All that is required is that appellant present a case from which a jury may reasonably conclude that the negligence was, more probably than not, that of the defendant. Restatement (Second) of Torts § 328 D comment f.

*Id.*, 357 Pa.Superior Ct. at 28, 515 A.2d at 305–306. McDonald's description of the circumstances and events surrounding his injury provided a sufficient basis upon which a jury could infer, without speculation or conjecture, that the hospital had, more probably than not, been negligent in failing to move a patient safely through automatic doors in the hospital.[1]

1. The author of the dissenting opinion suggests that we have injected sua sponte a cause of action not raised by appellants. This is not correct. The complaint contains an averment of negligence as follows:

In addition, the testimony was that the nurse, when she saw what happened, momentarily panicked and attempted to pull the husband-plaintiff through the door instead of acting immediately to release the doors. This, according to the testimony, caused the doors to close more tightly upon plaintiff's foot. From this testimony, a jury could also find that this specific, momentary carelessness by the nurse, an employee of the hospital, had contributed causally to the injury sustained by the husband-plaintiff.

For these reasons, we are constrained to conclude that the entry of a compulsory non-suit was improper.

Reversed and remanded for a new trial. Jurisdiction is not retained.

### CAVANAUGH, J., files a Dissenting Opinion.

7. The injuries hereinafter set forth were the direct and proximate result of the negligence, carelessness and recklessness of the defendant by and through its agents, servants and employees, while acting within the scope of their employment/agency in the following particulars:

....

d) In failing to maintain the doors in such a manner so that the doors would not close while someone was attempting to travel through the doorway;

e) In allowing the doors to make contact with plaintiff, Vincent McDonald's foot.

In holding that the trial court erred in entering a compulsory non-suit, we have neither injected a new cause of action nor a new theory of recovery. We have held only that appellants can establish a prima facie case of appellee's negligence by circumstantial evidence. In holding that a cause of action was made out circumstantially, we have given appellants the benefit of all favorable evidence and all reasonable inferences of fact to be drawn therefrom. When this is done, we conclude, a jury could have inferred that the husband-appellant's injury was caused by negligence on the part of the hospital or one of its employees.

Admittedly, appellants have not supplied us with a carefully drafted brief. The argument section includes less than three pages. Counsel's failure to cite controlling authority, however, does not relieve this Court from reviewing the record carefully and deciding correctly and in accordance with established authority the issue preserved for appellate review, i.e., whether there was sufficient evidence from which a jury could infer that the husband-appellant's injury was caused by appellee's negligence.

CAVANAUGH, Judge, dissenting:

I respectfully dissent from the majority opinion. Appellant asserts on appeal three theories of responsibility under which appellee is allegedly liable for appellant's injuries: (1) defective equipment that is, the leg rest of the wheelchair in which appellant was seated, was fixed in a position that made appellant's leg stick out; (2) active negligence on the part of the nurse by pulling on the wheelchair and thereby causing the doors to close tighter of appellant's foot instead of pushing the doors forward to free appellant's foot; and (3) whether the nurse acted rationally in an emergency situation. Appellant's brief at page 5.

The majority opinion, however, has applied a whole new theory of responsibility, *res ipsa loquitur* or exclusive control, which was not proffered by appellant below or on appeal as a basis for appellee's liability. None of the cases cited by the majority are cited by appellant in his brief. Such *sua sponte* decision making by our Court exceeds our proper appellate function of deciding controversies presented to it by the parties. *Wiegand v. Wiegand,* 461 Pa. 482, 485, 337 A.2d 256, 257 (1975). *Commonwealth v. Karash,* 513 Pa. 6, 8 n. 1, 518 A.2d 537, 538 n. 1 (1986).[1] It is important to note, as pointed out in appellee's brief, that appellant's accident occurred in 1983 and the trial took place

---

1. The majority's revised opinion containing footnote 1 causes me to reaffirm my position as, respectfully, it seems to me that the majority misconstrues the appellate function. It is not the duty of an appellate court to search out the pleadings in order to extract a basis for a theory of recovery which was not put forward at trial, on post-trial motions, or on appeal. Our courts have often said that it is not our duty to become the appellant's attorney. Thus, our supreme court has opined:

 "... [w]hen a party chooses to appeal under our rules of civil procedure, they choose the issues, and what is not chosen is waived. We cannot and do not construe an appeal as a challenge to all possible issues; we confine ourselves to what the parties choose and only that."

 *Appeal of Municipality of Penn Hills,* 519 Pa. 164, 172, 546 A.2d 50, 54 (1988). *See also, Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 401–402, 551 A.2d 1112, 1114 (1988); *Commonwealth v. Streater,* No. 1124 PGH 1990, Slip Op. at 8, n. 7, 1992 WL 51191 (Pa.Super. March 19, 1992) (rearg. granted, May 29, 1992).

in 1991. Thus, the statute of limitations has run on any new cause of action. Appellee's brief at page 2 n. 2, citing *Del Turco v. Peoples Home Sav. Assoc.*, 329 Pa.Super. 258, 274–75, 478 A.2d 456, 464–65 (1984). *See also, Haverstock by Haverstock v. T.I. Raleigh (USA)*, 384 Pa.Super. 106, 112, 557 A.2d 1068, 1070 (1989).

Further, the doctrine of *res ipsa loquitur* historically has been limited in its application by our courts to cases involving injuries to passengers from conveyances, such as railroads, elevators, and escalators or injuries to patrons of utilities. *Ambrose v. Western Maryland Ry. Co.*, 368 Pa. 1, 11, 81 A.2d 895, 900 (1951). The majority's application of the doctrine to the instant case, involving automatic doors, represents an unwarranted extension of the law not sought by appellant.

Finally, the majority opinion elevates hospital responsibility close to absolute liability when it states that "a hospital has a duty to inspect such equipment and maintain it in good operating order." Op. at 321. This deviates from the classical standard of reasonable care.

Accordingly, I would affirm the denial of appellant's motion to remove the non-suit.