**Mitchell v. ALDI Inc.**

C.P. of Mercer County, no. 1997-4098.

*Daniel S. Soom,* for plaintiff.
*Robert C. James,* for defendant.

FORNELLI, *P.J.,* July 22, 2002—The matter for disposition before this court is a motion for summary judgment. For the reasons set forth hereafter, defendant's motion for summary judgment will be denied.

This civil action arises as a result of bodily injuries suffered by Florence M. Mitchell, plaintiff, when a set of automatic doors at the establishment of ALDI Inc., defendant, allegedly malfunctioned and closed on the plaintiff. Plaintiff instituted this action alleging that the defendant knew, or should have known the door was de-

fective and/or created an unreasonable risk of harm. Plaintiff alleges that the defendant was negligent in allowing the defective condition to exist on the premises, in failing to properly maintain the door, in failing to properly inspect the door to discover its defects or malfunction, and in failing to provide an adequate warning to plaintiff of the automatic door.

Defendant has filed the instant motion for summary judgment, averring that plaintiff has failed to set forth record facts, which if believed, establish a prima facie case of negligence. Specifically, defendant contends that the plaintiff has offered no evidence via depositions, affidavits, or any other discovery to support the allegations in the complaint that the automatic door in question was dangerous or defective, or any evidence that the defendant had notice of a defective condition.

The defendant argues that under Pennsylvania law, the mere happening of an accident does not impose liability on any party, nor does it raise an inference or presumption of negligence.[1] Furthermore, defendant argues it is not an insurer of those premises under its control.[2] Defendant maintains that in order for plaintiff to establish a prima facie case of negligence, plaintiff must also demonstrate that defendant had notice of a defect and not merely that a dangerous or defective condition existed.

The standard to be utilized in addressing defendants' motion for summary judgment is set forth by Pa.R.C.P. 1035.2 which provides:

---

1. *Steiner v. Pittsburgh Railways Company,* 415 Pa. 549, 204 A.2d 254 (1964).

2. *Moultrey v. Great A & P Tea Company,* 281 Pa. Super. 525, 422 A.2d 593 (1980).

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

The moving party, here the defendant, has the burden of proving the nonexistence of any genuine issue of fact based upon the pleadings, depositions, answers to interrogatories, admissions on file, affidavits, and reports signed by an expert that would, if filed, comply with Rule 4003.5(a)(1). Pa.R.C.P. 1035.1.

The non-moving party, here the plaintiff, "must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Company,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S. Ct. 512, 136 L.Ed.2d 401 (1996). The court must "resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment

may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law." *Merriweather v. Philadelphia Newspapers,* 453 Pa. Super. 464, 471, 684 A.2d 137, 140 (1996), *alloc. denied,* 548 Pa. 628, 693 A.2d 967 (1997) (citing *Accu-Weather Inc. v. Prospect Communications,* 435 Pa. Super. 93, 98-99, 644 A.2d 1251, 1254 (1994)).

A party seeking to preclude summary judgment may not rest upon mere allegations contained within those pleadings, but rather must demonstrate through depositions, discovery responses, admissions and affidavits that a material issue of fact remains such that the court may not enter judgment prior to the submission of the factual issues to a jury.[3]

Plaintiff here asserts the applicability of the doctrine of res ipsa loquitur as a bar to granting of defendant's summary judgment. If the doctrine of res ipsa loquitur applies, plaintiff has the benefit of an inference of negligence from the mere happening of the accident and thus has set forth negligence by the defendant sufficiently to defeat the summary judgment motion. Accordingly, the motion before this court turns on whether the doctrine of res ipsa loquitur applies when one is injured by the sudden and unexplained closing of automatic doors.

In the case of *McDonald v. Aliquippa Hospital,* 414 Pa. Super. 317, 606 A.2d 1218 (1992), a patient brought suit against a hospital to recover damages for injuries caused by the closing of automatic hospital doors. The plaintiff alleged that the doors had been improperly maintained and that the nurse had been negligent in failing to

---

3. *Spirer v. Freeland & Krontz,* 434 Pa. Super. 341, 643 A.2d 673 (1994).

exercise due care for the safety of her patient. The court stated "To establish a prima facie case of negligence against the hospital, plaintiffs were required to prove a duty of care on the part of the hospital and a breach thereof causing [plaintiff's] injuries. *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978); *Mapp v. Wombucker,* 421 Pa. 383, 219 A.2d 681 (1966); *Williams v. Otis Elevator Company,* 409 Pa. Super. 486, 598 A.2d 302 (1991); *Zanine v. Gallagher,* 345 Pa. Super. 119, 123, 497 A.2d 1332, 1334 (1985)."[4]

The court stated:

"As a general rule, the mere happening of an accident does not establish that an injured person has been the victim of negligence. *Hamil v. Bashline, supra; Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969); *Mapp v. Wombucker, supra.* However, negligence, in some instances, may be inferred from circumstances surrounding an accident. *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974); *Noel v. Puckett,* 427 Pa. 328, 336, 235 A.2d 380, 384 (1967); *Williams v. Otis Elevator Company, supra; Schoenenberger v. Hayman,* 77 Pa. Commw. 411, 416, 465 A.2d 1335, 1338 (1983); *Calhoun v. Jersey Shore Hospital, supra.*"[5]

In the case at bar, plaintiff alleges that on December 2, 1995, she was leaving defendant's store through its automatic doors when the doors malfunctioned and closed on plaintiff and to free herself she had to push the doors open. (Plaintiff's complaint ¶7.) Plaintiff contends the

4. *McDonald v. Aliquippa Hospital,* 414 Pa. Super. 317, 320, 606 A.2d 1218, 1220 (1992).

5. *McDonald v. Aliquippa Hospital,* 414 Pa. Super. 317, 321, 606 A.2d 1218, 1220 (1992).

evidence of the automatic door closing on her for no apparent reason indicates that negligence of the defendant is the only and most plausible explanation for her injury. To allow an injured person to reach a jury in the absence of such knowledge or proof is achieved by the doctrine of res ipsa loquitur.

Res ipsa loquitur is a rule of evidence, not a rule of procedure or substantive tort law.[6] The doctrine of res ipsa loquitur aids "plaintiffs in making a prima facie case of negligence against the defendants by allowing an inference of negligence to be deduced from competent evidence on the theory that in the ordinary course of events, the injury or damage complained of would not have occurred in absence of negligence."[7]

Section 328D of the Restatement (Second) of Torts, states:

"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

"(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

"(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

"(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

"(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

---

6. *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 611-13, 327 A.2d 94, 100 (1974).

7. *Smith v. City of Chester,* 357 Pa. Super. 24, 27, 515 A.2d 303, 305 (1986).

"(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached."[8]

At this stage of the proceedings, the plaintiff need only adduce sufficient evidence such that a jury could return a verdict in her favor. As the non-moving party, all doubts must be resolved in favor of the plaintiff and the record examined in a light most favorable to the plaintiff. Summary judgment may only be granted if it is clear and free from doubt that the defendant is entitled to judgment as a matter of law.

Under this standard, it must first be determined whether plaintiff has produced sufficient evidence such that a jury would be justified in drawing the inference that in this case the closing of the automatic door on the plaintiff was an *event of a kind which ordinarily does not occur in the absence of negligence.* The comment to section 328D of the Restatement (Second) of Torts, states:

"*Type of event.* The first requirement for the application of the rule stated in this section is a basis of past experience which reasonably permits the conclusion that such events do not ordinarily occur unless someone has been negligent. There are many types of accidents which commonly occur without the fault of anyone. The fact that a tire blows out, or that a man falls down stairs is not, in the absence of anything more, enough to permit the conclusion that there was negligence in inspecting the tire, or in the construction of the stairs, because it is common human experience that such events all too frequently occur without such negligence. On the other hand there are many events, such as those of objects falling

---

8. Restatement (Second) of Torts §328D.

from the defendant's premises, the fall of an elevator, the escape of gas or water from mains or of electricity from wires or appliances, the derailment of trains or the explosion of boilers, where the conclusion is at least permissible that such things do not usually happen unless someone has been negligent. To such events res ipsa loquitur may apply."[9]

The basis upon which this conclusion is made is discussed in the comments to section 328D of the Restatement (Second) of Torts, which states:

*"Basis of conclusion.* In the usual case the basis of past experience from which this conclusion may be drawn is common to the community, and is a matter of general knowledge, which the court recognizes on much the same basis as when it takes judicial notice of facts which everyone knows."[10]

In *McDonald v. Aliquippa Hospital, supra,* the court examined the doctrine of res ipsa loquitur as it applied to the malfunction of machinery, including automatic doors:

" 'This principle has been applied in cases in which machinery has malfunctioned but where there is no evidence to identify the specific reason for such malfunction.' *Williams v. Otis Elevator Co., supra,* 409 Pa. Super. at 498, 598 A.2d at 305, citing *McGowan v. Devonshire Hall Apartments,* 278 Pa. Super. 229, 237-38, 420 A.2d 514, 518 (1980) and *Carney v. Otis Elevator Co.,* 370 Pa. Super. 394, 536 A.2d 804 (1988). . . .

"The failure of the [automatic] doors to sense an object in their path and remain open until safe passage had been secured was a malfunction which would not ordi-

---

9. Restatement (Second) of Torts §328D, comment c.

10. Restatement (Second) of Torts §328D, comment d.

narily occur if the doors had been inspected and properly maintained. Cf. *Carney v. Otis Elevator Co., supra* (sudden closing of elevator doors and failure to automatically release trapped passenger was malfunction which would not ordinarily occur in the absence of negligence); *McGowan v. Devonshire Hall Apartments, supra* (sudden movement of elevator and failure to properly level with hallway floor was malfunction which would not ordinarily occur absent negligence); *Williams v. Eastern Elevator Co.,* 254 Pa. Super. 393, 386 A.2d 7 (1978) (sudden and severe shaking and jolting of moving elevator was circumstantial evidence of negligent maintenance); *Johnson v. Otis Elevator Co.,* 225 Pa. Super. 500, 311 A.2d 656 (1973) (discharge of electricity from electric eye of automatic elevator door which injured boarding passenger was event not likely to occur in the absence of negligence)." *McDonald v. Aliquippa Hospital,* 414 Pa. Super. 317, 322-23, 606 A.2d 1218, 1221 (1992).

Given the widespread use of automatic doors, experience dictates that automatic doors do not ordinarily close on individuals in the absence of negligence. It would therefore be reasonable for a jury to conclude that the closing of the automatic doors on the plaintiff was an *event of a kind which ordinarily does not occur in the absence of negligence.*

It must next be determined whether the plaintiff has produced sufficient evidence to establish that in this case *other responsible causes, including the conduct of the plaintiff and third persons, [have been] sufficiently eliminated by the evidence,* and whether *the indicated negligence is within the scope of the defendant's duty to the*

*plaintiff.* The comments following section 328D of the Restatement (Second) of Torts, states:

"*Eliminating other responsible causes.* It is never enough for the plaintiff to prove that he was injured by the negligence of some person unidentified. It is still necessary to make the negligence point to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where there is no doubt that it is at least equally probable that the negligence was that of a third person, the court must direct the jury that the plaintiff has not proved his case. Again, however, the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt, and it is enough that he makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant.[11]

"*Defendant's exclusive control.* The plaintiff may sustain this burden of proof with the aid of a second inference, based on a showing of some specific cause for the event which was within the defendant's responsibility, or a showing that the defendant is responsible for all reasonably probable causes to which the event can be attributed. Usually this is done by showing that a specific instrumentality which has caused the event, or all reasonably probable causes, were under the exclusive control of the defendant. Thus the responsibility of the defendant is proved by eliminating that of any other person." [12]

It is not contested that the defendant was the owner and operator of the business, and that on December 2,

---

11. Restatement (Second) of Torts §328D, comment f.
12. Restatement (Second) of Torts §328D, comment g.

1995, there existed upon the premises automatic doors used for ingress and egress. (Defendant's answer and new matter ¶¶6, 9, 10.) Therefore, it can reasonably be inferred that the defendant had exclusive control of the specific instrumentality, *i.e.,* the automatic doors, which caused the event.

Applying Restatement, section 328D to the facts of this case the alleged negligence set forth in the plaintiff's complaint falls within the scope of defendant's duty to plaintiff, and no other responsible cause for the injuries sustained by the plaintiff is evident. Through the inference that the automatic doors were in the exclusive control of the defendant, it may also be inferred that it is more probable than not that the actions of the defendant, and not those of the plaintiff or third parties, were the cause of plaintiff's injuries.

The comments to section 343 of the Restatement (Second) of Torts, state:

*"What an invitee is entitled to expect.* An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore, an invitee is not required to be on alert to discover defects, which, if he were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering.[13]

*"Preparation required for invitee.* In determining the extent of preparation which an invitee is entitled to expect to be made for his protection, the nature of the land

---

13. Restatement (Second) of Torts §343, comment d.

and the purposes for which it is used are of great importance. One who enters a private residence even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. On the other hand, one entering a store, theater, office building, or hotel, is entitled to expect that his host will make far greater preparation to secure the safety of his patrons than a householder will make for his social or even his business visitors."[14]

Based on the foregoing, a jury could arguably conclude the defendant owed a duty of care to the plaintiff to take reasonable care to ascertain the actual condition of the premises, including the automatic doors, and to either make them reasonably safe by maintenance and repair or give warning of their actual condition and any risk involved therein.

The occurrence in the instant case, as pled by the plaintiff, is one in which it is a permissible conclusion that such a happening would not usually occur absent negligence. It is sufficient to sustain a factual inference that the plaintiff's injuries were caused by the negligent conduct of the defendant.

Hence this order:

## ORDER

And now, July 22, 2002, it is hereby ordered that defendant's motion for summary judgment is denied.

---

14. Restatement (Second) of Torts §343, comment e.