J-A20037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ABIMBOLA SODEKE, A/K/A SARAH SODEKE, A MINOR AND ADEBISI ADEYEMI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| EMMANUEL OPAWUMI, STAFFMORE, LLC, EDWARD PARNES, INDIVIDUALLY AND TRADING AS AND PHILADELPHIA MENTAL HEALTH CENTER | |
| Appellees | No. 3535 EDA 2014 |

Appeal from the Judgment Entered on November 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: May Term, 2011 No. 2366

BEFORE:  DONOHUE, J., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 09, 2015**

Abimbola Sodeke, a/k/a Sarah Sodeke, and her mother, Adebisi Adeyemi, (collectively "Appellants") appeal the trial court's November 19, 2014 order.  Appellants challenge the trial court's entry of summary judgment in favor of Edward Parnes, individually and trading as Philadelphia Mental Health Center ("PMHC") and Staffmore, LLC ("Staffmore").  We affirm.

In December 2007, PMHC arranged for Emmanuel Opawumi ("Opawumi"), a therapeutic staff support worker ("TSS worker"), to provide home healthcare services to Sodeke's younger brother.  In order to obtain his position as a TSS worker, Opawumi was vetted by Staffmore.  PMHC had

previously contracted Staffmore to recruit qualified TSS candidates and submit them to PMHC for approval. Pursuant to that agreement, Staffmore was responsible for conducting all legally required background and clearance checks on each candidate.

On May 20, 2011, Appellants instituted this action against Opawumi. Appellants alleged that, on February 13, 2008, Opawumi deliberately assaulted Sodeke, a nine-year-old child, while he was in Appellants' home caring for Sodeke's brother. On October 4, 2011, Appellants filed a third amended complaint, which named the following parties as defendants: Opawumi, PMHC, Elwyn Institute, Progressions Companies Inc., and Staffing Plus Inc. With regard to the latter four defendants, Appellants alleged that each of those entities had negligently hired, retained, and/or supervised Opawumi. *See* Appellants' Third Amended Complaint, 10/4/2011, at 1-2, 6-15.

Opawumi failed to file a responsive pleading to Appellants' complaint. On October 21, 2011, the trial court entered a default judgment against Opawumi. The parties stipulated to the dismissal of Progressions Companies Inc., Elwyn Institute, and Staffing Plus Inc. as defendants on June 15, 2012, August 23, 2012, and September 14, 2012, respectively. The trial court approved each of those stipulations. On August 13, 2012, the parties stipulated to the joinder of Staffmore as an additional defendant, which the trial court approved on September 4, 2012. On October 2, 2012, PMHC filed

- 2 -

a joinder complaint against Staffmore asserting claims for negligence and indemnification.

On April 1, 2013, following the completion of discovery, PMHC filed a motion for summary judgment. Therein, PMHC contended that Appellants had failed to adduce any evidence demonstrating that PMHC had breached a legal duty that it owed to Appellants. On April 23, 2013, Staffmore joined PMHC's motion for summary judgment. On May 30, 2013, the trial court entered summary judgment in favor of PMHC and Staffmore.

On June 25, 2013, Appellants filed a notice of appeal. On February 25, 2014, we quashed Appellants' appeal as interlocutory. *See Sodeke v. Opawumi*, 2232 EDA 2013 (Pa. Super. Feb. 25, 2014) (unpublished memorandum). Specifically, we held that the trial court's May 30, 2013 order was not an appealable final order because Opawumi remained a party to the litigation following the trial court's entry of summary judgment, and the issue of damages had not yet been resolved. *Id.* slip. op. at 3.

On October 9, 2014, the trial court held an assessment of damages hearing. On November 19, 2014, the trial court found Appellants' damages to be $950,000.00 and entered judgment against Opawumi in that amount. Appellants timely filed a notice of appeal of the November 19, 2014 judgment. On December 8, 2014, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied. On February 2, 2015, the trial court filed its Rule 1925(a) opinion.

- 3 -

Appellants present four issues for our consideration:

1. Did the [trial] court err in entering summary judgment against [PMHC] and [Staffmore] on May 30, 2013?

2. Did the [trial] court err in entering summary judgment, as [PMHC] and [Staffmore] were under a duty to investigate persons providing services to vulnerable minors, the extent of which should have been decided by a finder of fact?

3. Was the issue of [] Opawumi's status as an employee or an independent contractor a[n] issue that should have been submitted to the trier of fact?

4. Did the [trial] court err in in granting summary judgment in favor of [PMHC and Staffmore] when the motion for summary judgment was based on testimonial evidence and documents in violation of the ***Nanty-Glo***[1] holding?

Brief for Appellants at 2.[2]

Our standard of review of a trial court's order granting summary judgment is well settled:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

---

[1]  ***See Borough of Nanty-Glo v. Am. Sur. Co. of N.Y.***, 163 A. 523 (Pa. 1932).

[2]  Although Appellants identify four distinct questions for our review, they do not correspondingly divide the argument section of their brief into four separate sections. Our Rules of Appellate Procedure require that the argument section be "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Nonetheless, we will exercise our discretion to overlook this procedural error because it does not impede substantially our review of the merits of this appeal. ***See*** Pa.R.A.P. 105(a), 2101.

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001)).

Appellants' third amended complaint alleged that PMHC was negligent in the recruitment, hiring, and supervision of Opawumi, and in continuing to recommend and partner with entities that engaged in similarly negligent employment practices. It is axiomatic that the mere occurrence of an injury, standing alone, is insufficient to establish a cognizable claim for negligence. *McDonald v. Aliquippa Hosp.*, 606 A.2d 1218, 1220 (Pa. Super. 1992). A plaintiff must demonstrate the presence of a legal duty or obligation; a breach of that duty; a causal link between that breach and the injury alleged; and actual damage or loss suffered by the claimant as a consequence of thereof. *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005).

Generally, the law imposes no duty to control the conduct of a third party to protect others from harm. *See Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998). Nevertheless, an exception exists where the defendant stands in a special relationship with the person whose conduct needs to be controlled, or where the defendant stands in a special relationship with the victim of that conduct. *Id.*

These well established principles are explained in the Restatement (Second) of Torts. Sections 316-319 of the Restatement detail the situations in which a third party has an affirmative duty to control the conduct of a tortfeasor. Section 317 is germane to the case *sub judice*.

> A master is under a duty to exercise reasonable care so as to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> (a)    the servant
>
>     (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>
>     (ii) is using a chattel of the master, and
>
> (b)    the master
>
>     (i) knows or has reason to know that he has the ability to control his servant, and
>
>     (ii) knows or should know of the necessity and opportunity for exercising that control.

Restatement (Second) of Torts § 317 (1965).[3] The Pennsylvania Supreme Court has adopted the above approach. **See Dempsey v. Walso Bureau, Inc.**, 246 A.2d 418, 422 (Pa. 1968) ("To fasten liability upon an employer under Section 317, it must be shown that the employer knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of his employee."); **Hutchison v. Luddy**, 742 A.2d 1052 (Pa. 1999).

We need not discuss at length whether PMHC and Staffmore knew or should have known of the necessity and opportunity to exercise reasonable care in selecting, supervising, and controlling TSS workers. Where, as is the case here, an employer enlists medical professionals to provide home-based healthcare services to minor children, the need to exercise reasonable care to prevent an unreasonable risk of bodily harm is self-evident. Indeed, the General Assembly has imposed upon such employers numerous statutory duties in these circumstances. **See, e.g.**, 23 Pa.C.S. § 6344 (mandating that employers conduct background checks on prospective employees who will work with children and reject applicants who have been convicted of certain crimes).

---

[3] As discussed *infra*, we decline to take up the lingering issue of whether Opawumi was Staffmore's employee. Appellants' theories of liability fail irrespective of whether Opawumi was an employee or an independent contractor. Therefore, we accept, *arguendo*, Appellants' contention that Opawumi was an employee of Staffmore. **See** Brief for Appellants at 6-7.

Having concluded that PMHC and Staffmore owed Appellants a duty to exercise reasonable care in selecting, supervising, and controlling TSS workers, the question then becomes whether a genuine dispute of fact exists as to whether they breached that duty. The trial court, finding that no such dispute existed, noted the following undisputed facts of record:

> Staffmore obtained valid [c]hild [a]buse, [c]riminal [h]istory[,] and FBI clearances on Opawumi. Staffmore interviewed Opawumi, checked his refrences, and verified all [of] his educational and state-mandated training certificates. There is no dispute that [Staffmore] conducted the investigations required by both the law and its contract with PMHC. There is no dispute that Staffmore's background check unearthed no problems or irregularities in Opawumi's personal or professional history.
>
> [Appellants] both testified that prior to the February 13, 2008 incident they had no problems with Opawumi[,] and there is no evidence that they or anyone else had ever lodged a complaint with [PMHC or Staffmore.] The evidence that a supervisor came to the [Appellants'] house and observed Opawumi is uncontradicted.

Trial Court Opinion ("T.C.O."), 10/2/2013, at 2-3 (citations to the certified record omitted).

Our careful review of the record convinces us that the trial court did not err in refusing to allow a jury to decide Appellants' negligence claim. Appellants have simply failed to adduce any evidence that could lead a jury reasonably to conclude that PMHC and/or Staffmore failed to act with reasonable care in hiring or supervising Opawumi. There is nothing in the record to suggest that PMHC or Staffmore breached a statutory, regulatory, or contractual duty to screen prospective employees. Appellants do not

allege or in any way substantiate any specific inadequacies in Staffmore's investigation or in PMHC's supervision of Opawumi. Appellants have not identified a single negative aspect of Opawumi's character or professional competence that would have been uncovered by even the most exhaustive investigation and supervision.

Appellants contend that, "[i]n addition to the screening of TSS [workers,] there should have been policies and procedures in place to protect the vulnerable class of developmentally disabled minors." Brief for Appellants at 10. Appellants have offered no expert evidence to establish that PMHC had a heightened duty under the circumstances. Moreover, the record is devoid of any evidence of Opawumi's potential for abuse that PMHC might have uncovered by exercising even the utmost diligence. Based upon the factual inadequacies of the record in this case, there is simply no theory of liability, short of strict liability, that could preclude summary judgment. Thus, the trial court did not err in concluding that PMHC and Staffmore were entitled to judgment as a matter of law. *See Murray*, 63 A.3d at 1261 ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.").

In their third issue, Appellants argue that "there is sufficient indicia of proof to enable a trier of fact to conclude that [Opawumi] was . . . an employee of Staffmore, thus making the doctrine of *respondeat superior* applicable to this case." Brief for Appellants at 7-8. Appellants evidently

maintain that Staffmore is vicariously liable for Opawumi's intentional assault. This argument is flawed in multiple respects.

Appellants' third amended complaint asserts only that PMHC was directly liable for its negligent hiring, retention, and supervision of Opawumi. On appeal, however, Appellants puzzlingly argue that the trial court erred in entering summary judgment despite the existence of factual issues concerning Staffmore's vicarious liability for Opawumi's assault. We fail to grasp, and Appellants fail to explain, how this issue is relevant to the allegations Appellants pleaded in their complaint.

Moreover, even if Appellants had advanced a theory of vicarious liability in their complaint **and** Opawumi was a Staffmore employee (rather than an independent contractor), Appellants' claim would still be meritless as a matter of law.

> It is well settled that an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment. *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. 1979). In certain circumstances, liability of the employer may also extend to intentional or criminal acts committed by the employee. *Id.* The conduct of an employee is considered "within the scope of employment" for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer.

*N.A. v. First Church of Christ*, 748 A.2d 692, 699 (Pa. Super. 2000).

In applying these principles, we consistently have held that employers are not vicariously liable for the intentional criminal acts of their employees in situations where such acts are unexpected and unrelated to the nature of the employment. "[A]n assault committed by an employee upon another for personal reasons or in an outrageous manner is not actuated by an intent to perform the business of the employer and, as such, is not within the scope of employment." *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1272 (Pa. Super. 1979); *see Potter Title & Trust Co. v. Knox*, 113 A.2d 549, 551 (Pa. 1955) (holding that acts committed by employee in an "outrageous or whimsical" manner are not within the scope of employment); *N.A.*, 748 A.2d at 700 (holding that church was not vicariously liable for minister's sexual abuse where assault was "both intentional and completely unexpected"); *Costa v. Roxborough Mem. Hosp.*, 708 A.2d 490, 493 (Pa. Super. 1998) (affirming trial court's grant of summary judgment where employee's intentional assault was completely unrelated to the nature of her employment and in no way actuated by a purpose of serving employer). The question of whether Opawumi was a Staffmore employee, or whether he was merely an independent contractor, is immaterial to our review of the trial court's grant of summary judgment.

We now turn to Appellants' final issue. Here, Appellants argue that PMHC's motion for summary judgment was based upon oral testimony contained within various deposition transcripts in violation of the ***Nanty-Glo***

rule. *See Borough of Nanty-Glo v. Am. Sur. Co. of N.Y.*, 163 A. 523 (Pa. 1932). We disagree.

*Nanty-Glo* instructs that "the party moving for summary judgment may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact." *Dudley v. USX Corp.*, 606 A.2d 916, 918 (Pa. Super. 1992).

> However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the [fact-finder] to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if [it] should deem the verdict contrary to the weight of the evidence.

*Penn Center House*, *Inc. v. Hoffman*, 553 A.2d 900, 902-03 (Pa. 1989). If, however, the moving party supports its motion for summary judgment with admissions by the opposing party, *Nanty-Glo* does not preclude entry of summary judgment. *See InfoSAGE*, *Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616, 631 (Pa. Super. 2006).

Instantly, PMHC's motion for summary judgment cited ample documentary evidence as well as Appellants' own admissions. *Nanty-Glo* does not preclude summary judgment based upon these forms of evidence. *InfoSAGE*, 896 A.2d at 631; *Dudley*, 606 A.2d at 918. Appellants admitted that they had no issues with Opawumi's behavior or job performance prior to the incident in question. Sodeke also acknowledged that Opawumi's supervisor sometimes accompanied him to Appellants' home. Moreover, PHMC reproduced numerous documents from Opawumi's personnel file,

including diplomas and certificates, child abuse clearances, criminal background clearances, an FBI background check, professional reference checks, and other supporting documentation to establish the rigor of Staffmore's vetting process and the absence of any red flags. Appellants' contention that PMHC's motion for summary judgment exclusively relied upon oral testimony in violation of the **Nanty-Glo** rule is without merit.

For the foregoing reasons, the trial court neither erred as a matter of law nor abused its discretion in entering judgment in favor of PMHC and Staffmore.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015